IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| QUILL INK BOOKS, LIMITED )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>RACHELLE SOTO a/k/a Addison Cain, )<br>)<br>*Defendant.* )<br>) | Case No. 1:19-cv-476 |

## AMENDED ORDER

This matter comes before the Court on Defendant's Motion to Dismiss. Dkt. 9. The Motion is fully briefed and the Court held oral argument on July 12, 2019. For the following reasons the Motion is granted in part and denied in part.[1]

### I. Background

This case arises from a dispute between two authors of romance novels. Defendant and her publisher have accused Plaintiff's Myth of Omega series, written under the "Zoey Ellis" pseudonym, of plagiarizing Defendant's novels and have sent DMCA takedown notices to publishers regarding Plaintiff's novels. Plaintiff sued both Defendant and her publisher, Blushing, in federal court in Oklahoma but Defendant was dismissed from that case on personal jurisdiction grounds. Plaintiff then filed the present suit, asserting an intentional DMCA violation, asserting state law claims, seeking a declaratory judgment, and arguing that Plaintiff's publisher, Blushing, must be joined as a necessary party. Defendant moved to dismiss all claims

---

[1] This order relates to an Order originally dated August 9, 2019, Dkt. 23, and corrects inadvertent errors in the original Order.

1

except the intentional DMCA violation claim.

## II. Analysis

*A. The State Law Claims are Preempted*

Defendant argues Plaintiff's state law claims should be dismissed because they are preempted under the Copyright Act. However, none of the cases from this circuit or this Court that Defendant cites are exactly on point.

The cases Plaintiff cites involve factual scenarios where a Plaintiff has sued for *copyright infringement* as well as state law claims. *See, e.g., Wigand v. Costech Techs.*, 2008 WL 65517 (E.D. Va. Jan. 4, 2008) (Hudson, J.). This case is not for copyright infringement. Instead, it involves alleged misrepresentations under the DMCA. This distinction is significant because there is express statutory authority for preemption of state law claims that arise under copyright infringement. Section 301 of the Copyright Act states "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a). The exclusive rights within the general scope of copyright include: (1) to reproduce the work, (2) to prepare derivatives based on the work, (3) to distribute copies of the work, (4) to perform the work either in-person or via recording, or (5) to display the work. 17 U.S.C. § 106. Thus, for Section 301 to be applicable, the state law claim must arise from a violation of one of these exclusive rights. A DMCA takedown notice – even one made in bad faith – does not fit neatly into one of these categories.

Although admittedly not controlling, the Court finds the cases Defendant cites more persuasive. These cases, from the Southern District of New York and the Northern District of

2

California, involve the factual scenario presented here: an allegedly fraudulent DMCA takedown notice and accompanying state law claims. The courts in these cases found the DMCA preempts the state law claims.

The Southern District of New York emphasized "DMCA takedown notices, and the system of which they are a part, are creations entirely of federal law." *Stevens v. Vodka & Milk, LLC*, 2018 U.S. Dist. LEXIS 43666, at *6 (S.D.N.Y. Mar. 12, 2018). Thus, this indicated the DMCA constitutes field preemption, which is found "from a scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room to supplement it." *Virginia Uranium, Inc. v. Warren*, 848 F.3d 509, 594 (4th Cir. 2017). A further indication that Congress left no room for the DMCA to be supplemented with state law claims is that it includes "express remedies for a counter-notice system and a cause of action if fraudulent use of the notice and takedown procedures cause injury." *Stevens*, 2018 U.S. Dist. LEXIS 43666, at *6. These express remedies include a private right of action that holds a person who materially misrepresents that a material or activity is infringing liable for any damages incurred by the infringer, including costs and attorney's fees. 17 U.S.C. § 512(f). The *Stevens* court held that because the relief from the state claim – tortious interference with contract – would not provide any relief outside that which could be obtained through the private right of action contemplated by the DMCA, the state law claim was preempted.

At oral argument, Plaintiff highlighted a recent decision from the Supreme Court, arguing this decision instructs that claims cannot be preempted absent express statutory language. The Supreme Court in *Virginia Uranium, Inc. v. Warren*, stated, "we are hardly free to extend a federal statute to a sphere Congress was well aware of but chose to leave alone." 139 S. Ct. 1894, 1900 (2019). The Supreme Court's decision in Virginia Uranium is not inconsistent with this

Court finding state law claims are preempted under the DMCA. Congress clearly wished to occupy the field of copyright and given the rapid development of technology, the facts that give rise to this case were not a scenario Congress contemplated when drafting the statute.

The Court finds the logic in *Stevens* can be directly applied to the present facts. Plaintiff's state law claims – tortious interference with business expectancy, defamation, and statutory conspiracy, are all tied directly to the allegedly fraudulent DMCA takedown notices and her remedies lie in that statutory scheme, not in state law. Defendant's Motion to Dismiss will be granted as to the state law claims.

*B. Misuse of Copyright*

"[C]ourts have generally agreed that 'copyright misuse does not support a claim for damages.'" *Malibu Media, LLC v. Doe 1*, 2012 WL 6681990, at *2 (D. Md. Dec. 21, 2012) (quoting *Amaretto Ranch Breedables v. Ozimals, Inc.*, 790 F. Supp. 2d 1024, 1034 n.7 (N.D. Cal. 2012) (collecting cases). Although the Fourth Circuit has yet to explicitly state that misuse of copyright is not an independent cause of action, it has identified it as an affirmative defense. *Lasercomb America, Inc. v. Reynolds*, 911 F.2D 970, 972–77 (4th Cir. 1990). At the hearing on the Motion to Dismiss Plaintiff assented to voluntarily dismissing this claim. Defendant's Motion to Dismiss will be granted as to the misuse of copyright claim.

*C. Declaratory Judgment*

To issue a declaratory judgment, there must be an actual controversy between the parties. Several courts have held that DMCA takedown notices, without accompanying threats of litigation, do not create a justiciable controversy that would warrant a declaratory judgment. *See Handshoe v. Perret*, 270 F. Supp. 3d 915, 933 (S.D. Miss. 2017) ("Unasserted, unthreatened, and unknown potential future copyright claims against Plaintiff do not present an immediate or real

threat which merits declaratory relief."); *Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc.*, 2003 WL 22862662, at *4 (N.D. Cal. Nov. 26, 2003) (holding there was no actual controversy with notice letters that did not threaten litigation).

Here, as in the cases cited above, there is no actual controversy between the parties. The DMCA takedowns, without more, do not create a justiciable controversy. Defendant's Motion to Dismiss will be granted as to the request for a declaratory judgment.

*D. Joinder of Blushing*

Defendant argues Defendant's publisher, Blushing, is a required party and must be joined. The Court finds Plaintiff can be afforded full relief in Blushing's absence and that nonjoinder of Blushing would not expose Blushing to the risk of inconsistent obligations. Therefore Blushing is not a necessary party and need not be joined. Defendant's Motion to Dismiss will be denied as to the request for joinder of Blushing.

### III. Conclusion

For the above reasons, Defendant's Motion to Dismiss, Dkt. 9, is **GRANTED IN PART AND DENIED IN PART.** Count II, Misuse of Copyright; Count III, Tortious Interference with Business Relationships; Count IV, Defamation; Count V, Statutory Conspiracy; and Count VI, Declaratory Judgment; are **DISMISSED WITHOUT PREJUDICE.** Plaintiff may amend its defamation claim if Plaintiff believes it can state a valid defamation claim independent of the DMCA takedown notices.

It is **SO ORDERED.**

August 15, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge