UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| QUILL INK BOOKS LIMITED, *Plaintiff*, | ) ) ) ) |  |
| v. | ) ) | No. 1:19cv476-LO-MSN |
| RACHELLE SOTO a/k/a Addison Cain, Defendant. | ) ) ) ) |  |

**DEFENDANT RACHELLE SOTO A/K/A ADDISON CAIN'S FIRST SET OF DISCOVERY REQUESTS TO PLAINTIFF QUILL INK BOOKS LIMITED**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Rachelle Soto a/k/a Addison Cain ("Cain" or "Defendant") serves the following first set of discovery requests (collectively, the "First Discovery Requests") on Plaintiff Quill Ink Books Limited ("Quill" or "Plaintiff"). The requested documents shall be produced within 30 days at the offices of Craig C. Reilly, 111 Oronoco Street, Alexandria, Virginia, 22314.

**DEFINITIONS**

1. "You", "Your," "Plaintiff," and/or "Quill" means Quill Ink Holdings Limited and any subsidiaries, affiliates, unincorporated division thereof, and all present or former officers, directors, employees, consultants, agents, attorneys and representatives thereof.

2. "Plaintiff" and/or "Cain" means Defendant Rachelle Soto a/k/a Addison Cain and any agents, attorneys and representatives thereof.

3. "Person(s)" includes not only natural persons but also firms, partnerships, corporations, associations, government or government board, commission, agency, or any other type of organization or entity.

1

EXHIBIT A

4. "Communication" means any oral statement, dialogue, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents such as letters, memoranda, etc., and includes transfer of data from one location to another by electronic or similar means.

5. "Document" has the same meaning as in the Federal Rules of Civil Procedure, including, and without limitation, all (a) written, typed, printed, recorded, drawn, diagramed, graphic, or photographic material; (b) electronic data in any form, including but not limited to e-mails, text messages, instant messages, records of phone calls, phone recordings, PowerPoint or other software or computer-based presentations, weblogs, and postings or other communications online including online forums and social network sites (e.g., Facebook, Twitter, LinkedIn, Pinterest, YouTube, Instagram, Amazon, Barnes and Noble, etc.); and (c) audio or video reproduction compilations in any form, including but not limited to tapes, discs, or electronic devices.

6. "Identify" –

   a. "Identify" with respect to a <u>document</u> means to state the form of the document or writing, the date of its preparation, the author, recorder or sender, each addressee or recipient, its subject matter, and the name and address of any person presently having custody or control of the same or a copy thereof. With respect to any document or writing which was, but is no longer, within your possession, custody, or control, state what disposition was made of it, and any information you have as to its present location and its content and substance if known to you. If you wish, you may produce any document in lieu of identifying it, provided you designate, with respect to each such document furnished, the number of the interrogatory or interrogatories to which such document is responsive;

b. "Identify" with respect to a natural person means to state the name, address, and telephone number of such person and the name, address, and telephone number of the person's last known place of employment;

c. "Identify" with respect to an entity means to state the complete name of the entity, any acronym under which such entity functions, the present or last known address of the entity, and the name(s) of its principal officer(s);

d. "Identify" with respect to an oral communication means to state whether such communication was in person, by telephone, or otherwise, list the date, place, and persons present or involved, summarize the communication of each person, and identify and produce each document within your possession, custody, control, or knowledge which reports, summarizes, or in any way memorializes or refers to such oral communication or the subject matter of anything discussed or considered in such oral communication; and

e. "Identify" with respect to acts, omissions, facts, instances, incidents, events, quantities, and locations means to describe as specifically and as fully as possible. Such description should include the dates, places, times, and persons present or involved; state the transactions or occurrences which were part of or related to the act, omission, fact, instance, incident, event, quantity, or location being identified; and identify each document within your possession, custody, control, or knowledge which reports, summarizes, or in any way memorializes or refers to such act, omission, fact, instance, incident, event, quantity, or location.

7. "Relating to," "related to" and "concerning" means constituting, comprising, identifying, referring to, alluding to, touching upon, dealing with, concerning, in connection with, commenting upon, describing, summarizing, analyzing, explaining, detailing, outlining, defining, interpreting, or pertaining to the described subject matter.

EXHIBIT A

8. The word "any" shall be construed to include "all" and vice versa in order to bring within the scope of these discovery requests any information which might otherwise be construed to be outside their scope.

9. "Lawsuit" refers to the above-styled case, *Quill Ink Book Limited v. Rachelle Soto a/k/a Addison Cain*, Civil Action No. 1:19-CV-476-LO-MSN, in the United States District Court for the Eastern District of Virginia, Alexandria Division.

10. "Amended Complaint" means Plaintiff's Amended Complaint [Dkt. No. 27] in the Lawsuit.

11. "Counterclaim" means the counterclaim asserted by Cain against Quill [Dkt. No. 36].

12. "Zoey Ellis" means the individual woman author who is a British subject and resident in England as alleged in paragraph 14 of the Amended Complaint.

13. "Myth of Omega" means the series identified by Quill in the Amended Complaint as a series containing at least three books, which are authored by Zoey Ellis.

14. "Alpha's Claim" means a series containing at least three books, which are authored by Cain.

15. "Blushing Books" means ABCD Graphics and Design Inc. a/k/a Blushing Books Publishing and any present or former officers, directors, employees, consultants, agents, attorneys and representatives thereof.

16. "Take-Down Notice" means any and all notices under the Digital Millennium Copyright Act, 17 U.S.C. § 512 (the "DMCA") that were sent to various vendors regarding the Myth of Omega Series as alleged in the Amended Complaint.

EXHIBIT A

17. "Counter Notice" means any and all notices sent by Quill to various vendors under the Digital Millennium Copyright Act, 17 U.S.C. § 512 (the "DMCA") regarding the Myth of Omega series as alleged in the Amended Complaint.

18. "Oklahoma Lawsuit" means the lawsuit filed by Zoey Ellis and Quill against Blushing Books and Cain and identified as *Quill Ink Books Limited, et al. v. ABCD Graphics and Design Inc., et al.*, No. CIV-18-920-G (W.D. Okla. filed Sept. 18, 2018).

19. "Omegaverse Litigation Website" means the website hosted at the domain name www.omegaverselitigation.com.

## INSTRUCTIONS

1. These First Discovery Requests are directed toward all information known or available to Quill, either individually or through its agents, representatives, officers, employees, attorneys, or any other person acting on their behalf, including information contained in the records and documents in Quill's custody or control or available to it upon reasonable inquiry.

2. Each First Discovery Request is deemed a continuing one. If after serving responses to the First Discovery Requests, Quill obtains or becomes aware of any further information pertaining to that First Discovery Request, Quill is requested to serve a supplemental response setting forth such information in accordance with Fed. R. Civ. P. 26(e).

3. Each interrogatory shall be answered separately and fully in writing under oath.

4. Where interrogatories cannot be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by an explanation of the reasons for the incompleteness of the answer.

# EXHIBIT A

5. If an interrogatory is not answered or a document is withheld for any reason, including but not limited to a claim of privilege, confidentiality, or trade secret, or for any other reason or objection, please provide the following information:

    a. The portion of the request, if applicable, to which information is being withheld;

    b. The date of the document or communication;

    c. The author of the document or communication;

    d. The recipient of the document or communication;

    e. All persons to whom the communication was made or to whom copies of the document have been furnished;

    f. The subject matter of the document or communication;

    g. The file in which the document is kept in the normal course of business;

    h. The current custodian of the document; and

    i. The nature of the privilege or other reason for not answering the interrogatory or producing the document and sufficient description of the facts surrounding the contents of the communication or document to justify withholding the document under said privilege or reason.

6. The documents requested shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in the request.

7. If responsive documents are in digital or electronic form, they should be produced in the format specified in the ESI protocol entered by the Court or as follows: as single-page TIFF files accompanied by a Concordance load file, including beginning and ending document, beginning and ending of attachment for family ranges, attachment document ids, author, date created, date modified, date sent, document extension type, filename, subject, from, to, cc, bcc, time created, time last modified, time sent, MD5Hash, media, native file path, parent ID, and

OCR file path. Where applicable, native files should be produced, appropriately cross-referenced, as applicable, to the associated text file.

8. Your response to the document requests shall state, with respect to each item or category, that the documents shall be produced or that inspection and related activities shall be permitted as requested, unless you object to the request, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part objected to shall be specified and inspection permitted of the remaining parts.

9. If any document responsive to the interrogatories or document requests was, but is no longer, in Your possession, custody, or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been disposed of otherwise. In each instance explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all person(s) who provided the information or documents relied upon in Your responses to the First Discovery Requests, including the identity of all persons from whom information or documents were sought or obtained.

**INTERROGATORY NO. 2:** Identify each person who has knowledge of any of the allegations contained in the Amended Complaint, the answer thereto, and the Counterclaim, including the claims asserted and any damages sought, and for each such person, summarize the information You believe such person possesses.

**INTERROGATORY NO. 3:** Describe in detail the formation, ownership, and operation of Quill, including the ownership structure, the identities of all persons having an ownership

interest, the percentage of each person's ownership, and the identity of all officers, employees, and shareholders of Quill (including specifying when they had those relationships).

**INTERROGATORY NO. 4:** Identify each work published and sold by Quill since its formation until present, including the title, the date each was published, where each has been published (e.g., print or online vendors), the number of copies sold, the sales revenues, the identities of the vendors, the pseudonym of the author (if any), and the actual name and address of the author.

**INTERROGATORY NO. 5:** Identify the name and address of the author known as "Zoey Ellis," as well as any other pseudonym used by that author, and describe her relationship with Quill (e.g., shareholder, officer, agent, etc.).

**INTERROGATORY NO. 6:** Identify all communications You have had regarding the allegations made in this Lawsuit by either side, and in doing so, identify the parties who participated in each communication, the date of the communication (regardless of whether before or after the Lawsuit was filed), the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**INTERROGATORY NO. 7:** Identify the person(s) who provided the opinions and information alleged in paragraphs 16, 19-32, 55, and 67 of Your Amended Complaint.

**INTERROGATORY NO. 8:** Identify each communication You have had with an actual or potential vendor, including but not limited to those identified in paragraph 38 of the Amended Complaint, regarding the Myth of Omega series from pre-publication to present, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

EXHIBIT A

**INTERROGATORY NO. 9:** Identify each communication You have had with any vendor regarding a Take-Down Notice or a Counter-Notice regarding the Myth of Omega series, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**INTERROGATORY NO. 10:** Identify each communication You have had with Zoey Ellis regarding the Myth of Omega series, the Alpha's Claim series, the Take-down Notices, and Counter-Notices, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**INTERROGATORY NO. 11:** Identify each communication You have had with "readers" as alleged in paragraph 56 of the Amended Complaint, including the identity of each "reader," the identities of the persons participating the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**INTERROGATORY NO. 12:** Identify each item of lost sales revenue that You contend resulted from the Take-Down Notices as alleged in paragraph 76 of the Amended Complaint, including the number of sales, the identity of the vendor(s), the sales method (e.g., print or online), and the lost revenue from each vendor.

**INTERROGATORY NO. 13:** Identify the "business partners" and/or "vendors" who "have informed Quill that the vendor refuses to do work with Quill to sell Quill's challenged books" as alleged in paragraph 75 of the Amended Complaint, and state when and how those

9

EXHIBIT A

refusals occurred, the books affected, and quantify the lost sales and revenues you contend occurred as a result of each such refusal.

**INTERROGATORY NO. 14:** Identify each communication with all "business partners" and "vendors," including those identified in Your response to Interrogatory No. 13, including the identification of the persons participating in the communication, the date of the communication, and the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**INTERROGATORY NO. 15:** Identify all forums, both private and public, in which You contend that Quill or Zoey Ellis, or both, has been subjected to "online harassment and defamation" as alleged in paragraph 77 of the Amended Complaint, and describe each alleged incident, including the date, the content of the harassing or defamatory statement, and the identification of the speaker.

**INTERROGATORY NO. 16:** Identify Your communications with any other person regarding the information posted on Zoey Ellis' website, blog, and Facebook page(s), and state whether You have posted or assisted with drafting some or all of the information posted on those sites, and if so, what You posted and when.

**INTERROGATORY NO. 17:** Describe the damages You have claimed in the Amended Complaint, including the following information:

a) the total amount of damages;

b) a detailed itemization of the amounts You seek to recover from Cain;

c) the date each item of damages was incurred;

d) other persons with knowledge of the damages (e.g., a vendor or business partner);

e) the reasons You contend that Cain caused each item of damages;

# EXHIBIT A

    f) a detailed explanation of the method and calculations used to arrive at the amount of damages you seek to recover from Cain; and

    g) the identity of all documents relating to such item or calculation.

**INTERROGATORY NO. 18:** Identify each communication You have had with Blushing Books concerning the Myth of Omega series, the Alpha's Claim series, the Lawsuit, the Oklahoma Lawsuit, or the settlement of the Oklahoma Lawsuit including the identities of the persons participating in the communication, the date of the communication, and the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**INTERROGATORY NO. 19:** State the bases of Your contention that you are not liable for the claims and injuries alleged in the Counterclaim.

**INTERROGATORY NO. 20:** State the bases of Your contention that Your affirmative defenses reduce or eliminate Your liability to Cain under the Counterclaim.

**INTERROGATORY NO. 21:** Identify Your relationship with the Omegaverse Litigation Website (e.g., creator, poster, operator, etc.), whether You have posted some or all of information on that site, and if so, what You posted and when.

**INTERROGATORY NO. 22:** Identify all communications You have had with any other person regarding the creation or maintenance of the Omegaverse Litigation Website, the website located at https://fanlore.org/wiki/Omegaverse_Litigation, Zoey Ellis' website, Zoey Ellis' Amazon account, and Zoey Ellis' social media sites, including her Facebook page, blog, twitter page, and Instagram, including the Identity of each other person, a description of each person's involvement with those sites (e.g., creator, manager, editor, poster, etc.), and when You and each other person was involved.

# EXHIBIT A

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** All documents referenced, reviewed, identified, described, or relied upon in Your answers to the foregoing Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** All documents and communications (whether in hard copy or electronic form) between You and any person (including without limitation, your agents, representatives, or employees, third parties, Blushing Books, and Cain) relating to the claims, counterclaims, defenses, or damages involved in this Lawsuit or the events giving rise thereto.

**REQUEST FOR PRODUCTION NO. 3:** All documents and communications relating to or reflecting communications of any kind between Quill and Blushing Books, or Quill and Cain, or Quill and the author known as Zoey Ellis.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Quill regarding the Myth of Omega series or any other book authored by her (regardless of the pseudonym she may have used).

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Cain or between the author known as Zoey Ellis and Blushing Books.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications relating to or reflecting communications of any kind between Quill and Blushing Books regarding the Oklahoma Lawsuit, including regarding their settlement of that litigation.

# EXHIBIT A

**REQUEST FOR PRODUCTION NO. 7**: All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Blushing Books.

**REQUEST FOR PRODUCTION NO. 8**: All documents relating to or reflecting (a) any agreements between Quill and any other person regarding the publishing of works for such person, or (b) any communications concerning or relating to inquiries or requests that Quill publish a work for any other person.

**REQUEST FOR PRODUCTION NO. 9**: All documents relating to or reflecting communications of any kind between Quill and any other person relating to Cain, Blushing Books, the Myth of Omega series, the Alpha's Claim series, the Take-Down Notices, or the Counter-Notices.

**REQUEST FOR PRODUCTION NO. 10**: All documents relating to or reflecting communications of any kind between Quill and any other person relating to the author known as Zoey Ellis.

**REQUEST FOR PRODUCTION NO. 11**: All documents relating to or reflecting communications of any kind between Quill and any other person relating to the Alpha's Claim series.

**REQUEST FOR PRODUCTION NO. 12**: All documents relating to or reflecting communications of any kind between Quill and any other person relating to the Myth of Omega series.

**REQUEST FOR PRODUCTION NO. 13**: All documents relating to or reflecting the allegations made in paragraphs 16, 19-32, 55 and 6 of the Amended Complaint.

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 14:**  All documents related to the formation, ownership, and operation of Quill.

**REQUEST FOR PRODUCTION NO. 15:**  All documents obtained pursuant to any subpoena duces tecum or other request issued by You or Your attorney(s) directed to any third party or person for the production of documents and things in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 16:**  Produce all documents obtained pursuant to any subpoena duces tecum or other request issued by You or Your attorney(s) directed to any third party or person for the production of documents and things in the Oklahoma Lawsuit.

**REQUEST FOR PRODUCTION NO. 17:**  All documents that refer or relate to the settlement of the Oklahoma Lawsuit by Quill and Blushing, including all communications and any written settlement agreement.

**REQUEST FOR PRODUCTION NO. 18:**  All documents related to the allegations made in the Counterclaim.

**REQUEST FOR PRODUCTION NO. 19:**  All documents related to the creation, update, postings, and maintenance of the Omegaverse Litigation Website.

**REQUEST FOR PRODUCTION NO. 20:**  All documents related to Zoey Ellis' social media and blog posts regarding Cain, Blushing Books, Quill, the Lawsuit, the Oklahoma Lawsuit, the Myth of Omega series, the Alpha's Claim series, or the Omegaverse, including all documents related to the creation, update, posting, and maintenance of those social media sites and blogs.

**REQUEST FOR PRODUCTION NO. 21:**  All documents evidencing or relating to the damages you seek to recover in this Lawsuit.

# EXHIBIT A

**REQUEST FOR PRODUCTION NO. 22:** All documents related to the cost of publishing, the sales, the revenues, the profits, and the alleged lost sales related to the Myth of Omega series, including but not limited to, vendor records, Quill's bank records, Quill's financial statements, Quill's profit and loss statements, Quill's cash flow statements, and Quill's tax returns.

**REQUEST FOR PRODUCTION NO. 23:** All documents related to contracts with vendors and business partners regarding the sales or distribution of the Myth of Omega series.

**REQUEST FOR PRODUCTION NO. 24:** All communications between Quill and Margarita T.B. Coale or Nora Ash regarding the Myth of Omega series or the Alpha's Claim series.

**REQUEST FOR PRODUCTION NO. 25:** All documents that refer or relate to the allegations in the Counterclaim or Your defenses to the Counterclaim.

**REQUEST FOR PRODUCTION NO. 26:** All documents related to the creation, update, postings and maintenance of the website located at https://fanlore.org/wiki/Omegaverse_Litigation.

January 22, 2020

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Counsel for Defendant*

Shawn M. Dellegar, OBA # 20973
Crowe & Dunlevy, P.C.
321 South Boston Avenue, Sutie 500
Tulsa, Oklahoma 74103
T: (918) 592-9800
E: shawn.dellegar@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

# EXHIBIT A

Tynia A. Watson, OBA # 30765
Crowe & Dunlevy, P.C.
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
T: (405) 235-7500
E: tynia.watson@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2020, a true and correct copy of the foregoing has been emailed and mailed to the following counsel of record:

John M. Bredehoft
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
757-625-3000
jmbredehoft@kaufcan.com

*Counsel for Plaintiff*

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Counsel for Defendant*

16

# EXHIBIT A