**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **QUILL INK BOOKS LIMITED,** | ) |
| | ) |
| **Plaintiff/Counter-Defendant,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:19-cv-476-LO-MSN** |
| | ) |
| **RACHELLE SOTO a/k/a ADDISON CAIN,** | ) |
| | ) |
| **Defendant/Counter-Plaintiff.** | ) |

**PLAINTIFF QUILL INK BOOKS LIMITED'S OBJECTIONS
TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Quill Ink Books Limited ("Quill" or "Plaintiff"), by counsel, objects to Defendant Rachelle Soto a/k/a Addison Cain's ("Cain" or "Defendant") first set of discovery requests (collectively, the "First Discovery Requests") as follows:

**GENERAL OBJECTIONS**

The following general objections are made to the entirety of Defendant's First Discovery Requests, and are hereby incorporated by reference into each specific response thereto:

1.      Quill objects to identifying documents and/or communications protected by the attorney-client privilege, work-product doctrine, and/or limitations on discovery of materials relating to expert witnesses.  Quill will not produce such materials.  Quill will withhold, and will not further identify privileged and/or protected documents and/or communications, as providing the information detailed in Fed. R. Civ. P. 26(b)(5)(A)(ii) for such documents and/or communications would itself reveal information privileged or subject to protection.

1

EXHIBIT B

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all person(s) who provided the information or documents relied upon in Your responses to the First Discovery Requests, including the identity of all persons from whom information or documents were sought or obtained.

OBJECTION:  Quill objects to Interrogatory No. 1 as it is overly broad and unduly burdensome insofar as it is unlimited in scope.  Quill also objects to the extent this Interrogatory seeks material protected from disclosure pursuant to the attorney-client privilege.  Numerous parties have been and will be involved in this case over time, and thus is it not reasonable to expect Quill to identify all persons involved.

**INTERROGATORY NO. 2:**  Identify each person who has knowledge of any of the allegations contained in the Amended Complaint, the answer thereto, and the Counterclaim, including the claims asserted and any damages sought, and for each such person, summarize the information You believe such person possesses.

OBJECTION:  Quill objects to Interrogatory No. 2 as it is overly broad and unduly burdensome insofar as it seeks the identification of each person "who has knowledge of *any* of the allegations" in the Amended Complaint, the answer thereto, and the Counterclaim, no matter how attenuated such knowledge may be.

**INTERROGATORY NO. 3:**  Describe in detail the formation, ownership, and operation of Quill, including the ownership structure, the identities of all persons having an ownership interest, the percentage of each person's ownership, and the identity of all officers, employees, and shareholders of Quill (including specifying when they had those relationships).

OBJECTION:  Quill objects to Interrogatory No. 3 as it seeks the identification of information and persons not named as parties to this action, and therefore seeks information

2

EXHIBIT B

neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill also objects to the extent this Interrogatory seeks material protected from disclosure pursuant to the attorney-client privilege.

**INTERROGATORY NO. 4:**  Identify each work published and sold by Quill since its formation until present, including the title, the date each was published, where each has been published (e.g., print or online vendors), the number of copies sold, the sales revenues, the identities of the vendors, the pseudonym of the author (if any), and the actual name and address of the author.

OBJECTION:  Quill objects to Interrogatory No. 4 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**  Identify the name and address of the author known as "Zoey Ellis," as well as any other pseudonym used by that author, and describe her relationship with Quill (e.g., shareholder, officer, agent, etc.).

OBJECTION:  Quill objects to Interrogatory No. 5 as it would unlawfully compromise the confidentiality and privacy of a third party's personal information.  Quill further objects to Interrogatory No. 5 as it seeks the identification of information and a person not named as a party to this action, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill objects to this Interrogatory on the ground that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed.

EXHIBIT B

**INTERROGATORY NO. 6:**  Identify all communications You have had regarding the allegations made in this Lawsuit by either side, and in doing so, identify the parties who participated in each communication, the date of the communication (regardless of whether before or after the Lawsuit was filed), the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

OBJECTION:  Quill objects to Interrogatory No. 6 as it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**INTERROGATORY NO. 7:**  Identify the person(s) who provided the opinions and information alleged in paragraphs 16, 19-32, 55, and 67 of Your Amended Complaint.

OBJECTION:  Quill objects to Interrogatory No. 7 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**INTERROGATORY NO. 8:**  Identify each communication You have had with an actual or potential vendor, including but not limited to those identified in paragraph 38 of the Amended Complaint, regarding the Myth of Omega series from pre-publication to present, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

EXHIBIT B

OBJECTION:   Quill objects to Interrogatory No. 8 as it is overly broad and unduly burdensome insofar as it is unlimited in scope.

**INTERROGATORY NO. 9:**   Identify each communication You have had with any vendor regarding a Take-Down Notice or a Counter-Notice regarding the Myth of Omega series, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

OBJECTION:   Quill objects to Interrogatory No. 9 on the ground that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed.

**INTERROGATORY NO. 10:**   Identify each communication You have had with Zoey Ellis regarding the Myth of Omega series, the Alpha's Claim series, the Take-down Notices, and Counter-Notices, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

OBJECTION:   Quill objects to Interrogatory No. 10 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Interrogatory No. 10 on the ground that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed.  Quill objects to Interrogatory No. 10 the

EXHIBIT B

extent that it seeks information that may consist of, contain or reveal material protected from disclosure pursuant to the attorney-client privilege.

**INTERROGATORY NO. 11:**   Identify each communication You have had with "readers" as alleged in paragraph 56 of the Amended Complaint, including the identity of each "reader," the identities of the persons participating the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

OBJECTION:   Quill objects to Interrogatory No. 11 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.   Quill further objects to Interrogatory No. 11 to the extent that the identity of the "readers" is unavailable to Quill, and to the extent that the identity of the "readers" is available to Quill, disclosure of such identities may be harmful to or substantially prejudice such "readers."

**INTERROGATORY NO. 12:**   Identify each item of lost sales revenue that You contend resulted from the Take-Down Notices as alleged in paragraph 76 of the Amended Complaint, including the number of sales, the identity of the vendor(s), the sales method (e.g., print or online), and the lost revenue from each vendor.

OBJECTION:    Quill objects to Interrogatory No. 12 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

EXHIBIT B

**INTERROGATORY NO. 13:**   Identify the "business partners" and/or "vendors" who "have informed Quill that the vendor refuses to do work with Quill to sell Quill's challenged books" as alleged in paragraph 75 of the Amended Complaint, and state when and how those refusals occurred, the books affected, and quantify the lost sales and revenues you contend occurred as a result of each such refusal.

OBJECTION:   Quill objects to Interrogatory No. 13 to the extent that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed. Quill further objects to Interrogatory No. 13 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**   Identify each communication with all "business partners" and "vendors," including those identified in Your response to Interrogatory No. 14, including the identification of the persons participating in the communication, the date of the communication, and the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

OBJECTION:   Quill objects to Interrogatory No. 14 to the extent that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed. Quill further objects to Interrogatory No. 14 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

EXHIBIT B

**INTERROGATORY NO. 15:**  Identify all forums, both private and public, in which You contend that Quill or Zoey Ellis, or both, has been subjected to "online harassment and defamation" as alleged in paragraph 77 of the Amended Complaint, and describe each alleged incident, including the date, the content of the harassing or defamatory statement, and the identification of the speaker.

OBJECTION:   Quill objects to Interrogatory No. 15 as it is overbroad and unduly burdensome insofar as Quill cannot reasonably identify and account for all forums on which Quill or Zoey Ellis, or both, have been subjected to online harassment and defamation.

**INTERROGATORY NO. 16:**  Identify Your communications with any other person regarding the information posted on Zoey Ellis' website, blog, and Facebook page(s), and state whether You have posted or assisted with drafting some or all of the information posted on those sites, and if so, what You posted and when.

OBJECTION:   Quill objects to Interrogatory No. 16 as it is overly broad and unduly burdensome insofar as it unlimited scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 17:**  Describe the damages You have claimed in the Amended Complaint, including the following information:

    a)  the total amount of damages;

    b)  a detailed itemization of the amounts You seek to recover from Cain;

    c)  the date each item of damages was incurred;

    d)  other persons with knowledge of the damages (e.g., a vendor or business partner);

    e)  the reasons You contend that Cain caused each item of damages;

8

EXHIBIT B

f) a detailed explanation of the method and calculations used to arrive at the amount of damages you seek to recover from Cain; and

g) the identity of all documents relating to such item or calculation.

OBJECTION:    Quill objects to Interrogatory No. 17 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**INTERROGATORY NO. 18:**    Identify each communication You have had with Blushing Books concerning the Myth of Omega series, the Alpha's Claim series, the Lawsuit, the Oklahoma Lawsuit, or the settlement of the Oklahoma Lawsuit including the identities of the persons participating in the communication, the date of the communication, and the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

OBJECTION:    Quill objects to Interrogatory No. 18 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to court order, the federal rules concerning confidential settlement discussions, the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).    Quill further objects to Interrogatory No. 18 as it is overly broad and unduly burdensome insofar as it is unlimited in scope and seeks information from a separate action, and therefore seeks information neither relevant to any claim or defense in the current action, nor reasonably calculated to lead to the discovery of admissible evidence.

EXHIBIT B

**INTERROGATORY NO. 19:**  State the bases of Your contention that you are not liable for the claims and injuries alleged in the Counterclaim.

OBJECTION:  Quill objects to Interrogatory No. 19 to the extent it seeks an answer or opinion as to the ultimate issue at trial, and improperly seeks to shift the burden of proof onto Quill.  Quill further objects to Interrogatory No. 19 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 20:**  State the bases of Your contention that Your affirmative defenses reduce or eliminate Your liability to Cain under the Counterclaim.

OBJECTION:  Quill objects to Interrogatory No. 20 to the extent it seeks an answer or opinion as to the ultimate issue at trial.  Quill further objects to Interrogatory No. 20 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 21:**   Identify Your relationship with the Omegaverse Litigation Website (e.g., creator, poster, operator, etc.), whether You have posted some or all of information on that site, and if so, what You posted and when.

OBJECTION:   Quill objects to Interrogatory No. 21 as it seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill additionally objects to Interrogatory No. 21 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the First Amendment and related jurisprudence, the attorney-client privilege, expert

EXHIBIT B

materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**INTERROGATORY NO. 22:**   Identify all communications You have had with any other person regarding the creation or maintenance of the Omegaverse Litigation Website, the website located at https://fanlore.org/wiki/Omegaverse_Litigation, Zoey Ellis' website, Zoey Ellis' Amazon account, and Zoey Ellis' social media sites, including her Facebook page, blog, twitter page, and Instagram, including the Identity of each other person, a description of each person's involvement with those sites (e.g., creator, manager, editor, poster, etc.), and when You and each other person was involved.

OBJECTION:  Quill objects to Interrogatory No. 22 because it seeks the identification of communications unlimited in scope, and is therefore overbroad, unduly burdensome, and seeks material neither relevant to any claim or defense in the action nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Interrogatory No. 22 to the extent that it calls of any communications or documents that consists of, contains, or reveals material protected from disclosure pursuant to the attorney-client privilege, and therefore Quill will not identify such communications. Quill further objects to Interrogatory No. 22 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the First Amendment and related jurisprudence, the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**   All documents referenced, reviewed, identified, described, or relied upon in Your answers to the foregoing Interrogatories.

EXHIBIT B

OBJECTION:  Quill objects to Document Request No. 1 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 2:**  All documents and communications (whether in hard copy or electronic form) between You and any person (including without limitation, your agents, representatives, or employees, third parties, Blushing Books, and Cain) relating to the claims, counterclaims, defenses, or damages involved in this Lawsuit or the events giving rise thereto.

OBJECTION:  Quill objects to Document Request No. 2 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 3:**  All documents and communications relating to or reflecting communications of any kind between Quill and Blushing Books, or Quill and Cain, or Quill and the author known as Zoey Ellis.

OBJECTION:  Quill objects to Document Request No. 3 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects

12

EXHIBIT B

to Document Request No. 3 to the extent that it seeks information equally available to the requesting party.

**REQUEST FOR PRODUCTION NO. 4:** All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Quill regarding the Myth of Omega series or any other book authored by her (regardless of the pseudonym she may have used).

OBJECTION: Quill objects to Document Request No. 4 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Cain or between the author known as Zoey Ellis and Blushing Books.

OBJECTION: Quill objects to Document Request No. 5 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Quill further objects to Document Request No. 5 to the extent that it seeks information equally available to the requesting party.

**REQUEST FOR PRODUCTION NO. 6:** All documents and communications relating to or reflecting communications of any kind between Quill and Blushing Books regarding the Oklahoma Lawsuit, including regarding their settlement of that litigation.

OBJECTION: Quill objects to Document Request No. 6 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to

13

EXHIBIT B

the attorney-client privilege, and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).  Quill further objects to Document Request No. 6 as it is overly broad and unduly burdensome insofar as it is unlimited in scope and seeks information from a separate action, and therefore seeks information neither relevant to any claim or defense in the current action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Blushing Books.

OBJECTION:  Quill objects to Document Request No. 7 as it is overly broad and unduly burdensome insofar as it seeks the identification of information unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 8:**  All documents relating to or reflecting (a) any agreements between Quill and any other person regarding the publishing of works for such person, or (b) any communications concerning or relating to inquiries or requests that Quill publish a work for any other person.

OBJECTION:  Quill objects to Document Request No. 8 as it is overly broad and unduly burdensome insofar as it seeks the identification of information unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Document Request No. 8 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).  Quill objects to

EXHIBIT B

Document Request No. 8 on the ground that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed.

**REQUEST FOR PRODUCTION NO. 9:**  All documents relating to or reflecting communications of any kind between Quill and any other person relating to Cain, Blushing Books, the Myth of Omega series, the Alpha's Claim series, the Take-Down Notices, or the Counter-Notices.

OBJECTION:  Quill objects to Document Request No. 9 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Document Request No. 9 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 10:** All documents relating to or reflecting communications of any kind between Quill and any other person relating to the author known as Zoey Ellis.

OBJECTION:  Quill objects to Document Request No. 10 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Document Request No. 10 to the extent that it seeks information that consists of, contains or

EXHIBIT B

reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 11:**  All documents relating to or reflecting communications of any kind between Quill and any other person relating to the Alpha's Claim series.

OBJECTION:   Quill objects to Document Request No. 11 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Document Request No. 11 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 12:**  All documents relating to or reflecting communications of any kind between Quill and any other person relating to the Myth of Omega series.

OBJECTION:   Quill objects to Document Request No. 12 as it is overly broad and unduly burdensome insofar as it seeks the identification of information without regard to age or currency, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Document Request No. 12 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert

EXHIBIT B

materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 13:**  All documents relating to or reflecting the allegations made in paragraphs 16, 19-32, 55 and 6 of the Amended Complaint.

OBJECTION:  Quill objects to Document Request No. 13 as it is overly broad and unduly burdensome insofar as it seeks the identification of information unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Document Request No. 13 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).  Quill objects to Document Request No. 13 to the extent that it seeks information equally available to the requesting party.

**REQUEST FOR PRODUCTION NO. 14:**  All documents related to the formation, ownership, and operation of Quill.

OBJECTION:  Quill objects to Document Request No. 14 as it is overly broad and unduly burdensome insofar as it seeks the identification of information unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects to Document Request No. 14 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

EXHIBIT B

**REQUEST FOR PRODUCTION NO. 15:**   All documents obtained pursuant to any subpoena duces tecum or other request issued by You or Your attorney(s) directed to any third party or person for the production of documents and things in this Lawsuit.

OBJECTION:   Quill objects to Document Request No. 15 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).   Quill further objects to Document Request No. 15 to the extent that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed.

**REQUEST FOR PRODUCTION NO. 16:**   Produce all documents obtained pursuant to any subpoena duces tecum or other request issued by You or Your attorney(s) directed to any third party or person for the production of documents and things in the Oklahoma Lawsuit.

OBJECTION:   Quill objects to Document Request No. 16 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).   Quill further objects to Document Request No. 16 to the extent that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed.

**REQUEST FOR PRODUCTION NO. 17:**   All documents that refer or relate to the settlement of the Oklahoma Lawsuit by Quill and Blushing, including all communications and any written settlement agreement.

EXHIBIT B

OBJECTION:  Quill objects to Document Request No. 17 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to court order, the federal rules concerning confidential settlement discussions, the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).  Quill further objects to Document Request No. 17 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 18:**  All documents related to the allegations made in the Counterclaim.

OBJECTION:  Quill objects to Document Request No. 18 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 19:**  All documents related to the creation, update, postings, and maintenance of the Omegaverse Litigation Website.

OBJECTION:  Quill objects to Document Request No. 19 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Quill further objects to Request for Production No. 19 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the First Amendment and related jurisprudence, the attorney-client privilege, expert

EXHIBIT B

materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege

from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 20:**  All documents related to Zoey Ellis' social

media and blog posts regarding Cain, Blushing Books, Quill, the Lawsuit, the Oklahoma

Lawsuit, the Myth of Omega series, the Alpha's Claim series, or the Omegaverse, including all

documents related to the creation, update, posting, and maintenance of those social media sites

and blogs.

OBJECTION:  Quill objects to Document Request No. 20 as it is overly broad and

unduly burdensome insofar as it seeks the identification of information without regard to age or

currency, and therefore seeks information neither relevant to any claim or defense in the action,

nor reasonably calculated to lead to the discovery of admissible evidence.  Quill further objects

to Document Request No. 20 to the extent that it seeks information that consists of, contains or

reveals material protected from disclosure pursuant to the attorney-client privilege, expert

materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege

from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A). Quill

additionally objects to Request for Production No. 20 to the extent that it seeks information that

consists of, contains or reveals material protected from disclosure pursuant to the First

Amendment and related jurisprudence, the attorney-client privilege, expert materials or

communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from

discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 21:**  All documents evidencing or relating to the

damages you seek to recover in this Lawsuit.

EXHIBIT B

OBJECTION:  Quill objects to Document Request No. 21 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 22:**  All documents related to the cost of publishing, the sales, the revenues, the profits, and the alleged lost sales related to the Myth of Omega series, including but not limited to, vendor records, Quill's bank records, Quill's financial statements, Quill's profit and loss statements, Quill's cash flow statements, and Quill's tax returns.

OBJECTION:  Quill objects to Document Request No. 22 on the ground that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed. Quill further objects to Document Request No. 22 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 23:**  All documents related to contracts with vendors and business partners regarding the sales or distribution of the Myth of Omega series.

OBJECTION:  Quill objects to Document Request No. 23 on the ground that it seeks information which constitutes trade secrets or other proprietary information which is the subject of efforts to maintain secrecy, and which would unfairly prejudice Quill if it were disclosed.

EXHIBIT B

Quill further objects to Document Request No. 23 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

**REQUEST FOR PRODUCTION NO. 24:**   All communications between Quill and Margarita T.B. Coale or Nora Ash regarding the Myth of Omega series or the Alpha's Claim series.

OBJECTION:   Quill objects to Document Request No. 24 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).   Quill further objects to Document Request No. 24 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 25:**   All documents that refer or relate to the allegations in the Counterclaim or Your defenses to the Counterclaim.

OBJECTION:   Quill objects to Document Request No. 25 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence.   Quill further objects to Document Request No. 25 as it is duplicative of Document Request No. 18.

EXHIBIT B

**REQUEST FOR PRODUCTION NO. 26:** All documents related to the creation, update, postings and maintenance of the website located at https://fanlore.org/wiki/Omegaverse_Litigation.

OBJECTION:   Quill objects to Document Request No. 26 as it is overly broad and unduly burdensome insofar as it is unlimited in scope, and therefore seeks information neither relevant to any claim or defense in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Quill additionally objects to Request for Production No. 26 to the extent that it seeks information that consists of, contains or reveals material protected from disclosure pursuant to the First Amendment and related jurisprudence, the attorney-client privilege, expert materials or communications with counsel under Fed. R. Civ. P. 26(b)(4)(B–C), and the privilege from discovery afforded to litigation work product under Fed. R. Civ. P. 26(b)(3)(A).

February 6, 2020

Respectfully submitted,

**QUILL INK BOOKS LIMITED**

By:   /s/ John M. Bredehoft
      John M. Bredehoft
      Virginia State Bar No. 33602
      KAUFMAN & CANOLES, P.C.
      150 West Main Street, Suite 2100
      Norfolk, Virginia 23510
      757-624-3000
      757-624-3225 (direct)
      888-360-9092 (facsimile)
      jmbredehoft@kaufcan.com
      *Counsel for Plaintiff*
      *Quill Ink Books Limited*

EXHIBIT B

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2020, a true and correct copy of the foregoing has been emailed and mailed to the following counsel of record:

Craig C. Reilly, Esq.
111 Oronoco Street
Alexandria, Virginia 22314
E-mail:  craig.reilly@ccreillylaw.com
*Counsel for Defendant*

Shawn M. Dellegar, Esq.
Crowe & Dunlevy, P.C.
321 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
E-mail:  shawn.dellegar@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

Tynia A. Watson, Esq.
Crowe & Dunlevy, P.C.
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
E-mail:  tynia.watson@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

/s/ John M. Bredehoft

18139136v3

EXHIBIT B