**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **QUILL INK BOOKS LIMITED,** | ) |
| | ) |
| **Plaintiff/Counterclaim Defendant,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:19-cv-476-LO-MSN** |
| | ) |
| **RACHELLE SOTO a/k/a ADDISON CAIN,** | ) |
| | ) |
| **Defendant/Counterclaim Plaintiff.** | ) |

**PLAINTIFF QUILL INK BOOKS LIMITED'S RESPONSES**
**TO DEFENDANT'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Quill Ink Books Limited ("Quill" or "Plaintiff"), by counsel, responds to

Defendant Rachelle Soto a/k/a Addison Cain's ("Cain" or "Defendant") first set of discovery

requests (collectively, the "First Discovery Requests") as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**  Identify all person(s) who provided the information or

documents relied upon in Your responses to the First Discovery Requests, including the identity

of all persons from whom information or documents were sought or obtained.

**ANSWER:**  Notwithstanding the previously-filed objections, and subject thereto,

Plaintiff answers as follows:

> Rachelle Soto (a/k/a Addison Cain)
> C/O Craig C. Reilly
> 111 Oronoco Street
> Alexandria, VA  22314
> (703) 549.5354

1

EXHIBIT C

Shawn Dellegar
Crowe & Dunlevy
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK  74103
(918) 592.8807

Tynia Watson
Crowe & Dunlevy
324 North Robinson Avenue Suite 100
Oklahoma City, OK  73102
(405) 239.6615

Zoey Ellis
C/O John M. Bredehoft
150 W. Main Street, Suite 2100
Norfolk, VA  23510
(757) 624.3225

John M. Bredehoft
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA  23510
(757) 624.3225

Gideon Lincecum
Holladay & Chilton, PLLC
204 North Robinson, Suite 1550
Oklahoma City, OK 73102
(405) 236.2343

Kristina Busse, Ph.D. – Expert
C/O John M. Bredehoft
150 W. Main Street, Suite 2100
Norfolk, VA  23510
(757) 624.3225

Payne Harrison – Expert
C/O John M. Bredehoft
150 W. Main Street, Suite 2100
Norfolk, VA  23510
(757) 624.3225

Steven Thrasher, MBA, JD – Expert
1350 North Greenville
Richardson, TX  75081

2

EXHIBIT C

Sarah McCurry
Winslow & McCurry, PLLC
1324 Sycamore Square 202C
Midlothian, VA  23113
(804) 423.1382

Rebecca L Briggs
The Law Office of Becky Briggs, LLC
315 Colorado Ave
Pueblo, CO 81003

Anne Wills (a/k/a Bethany Burke) (Blushing
Books)
977 Seminole Trail, #233
Charlottesville, VA  22901

Allison Travis (a/k/a Allison West) (Blushing
Books)
977 Seminole Trail, #233
Charlottesville, VA  22901

Tabitha Black (Blushing Books)
977 Seminole Trail, #233
Charlottesville, VA  22901

Corporate Representative of Draft2Digital,
LLC
9400 N. Broadway, Suite 410
Oklahoma City, OK  73114
(866) 336.5099

Tara Robinett (Draft2Digital, LLC)
9400 N. Broadway, Suite 410
Oklahoma City, OK  73114
(866) 358.6413

Corporate Representative of Amazon
Amazon.com, Inc. Customer Service
P.O. Box 81226
Seattle, WA  98108-1226
(888) 280.3321

Corporate Representative of Apple/iTunes
One Apple Park Way
Cupertino, CA  95014

EXHIBIT C

| |
|---|
| Corporate Representative of iBooks<br>One Apple Park Way<br>Cupertino, CA  95014 |
| Micah Bonte-Gelok (Rakuten Kobo, Inc.)<br>micah.bontegelok@rakuten.com |
| Stephanie McGraffty (Kobo)<br>support@kobowritinglife-zendesk.com<br>writinglife@kobo.com |
| Barry (iTunes and iBooks Store Notices)<br>ibooks.store.notices@apple.com |
| Kevin B. (Amazon)<br>copyright@amazon.com |
| Anne Tarpey (Amazon)<br>copyright@amazon.com |
| Rob Solomon (GoFundMe, Inc.)<br>855 Jefferson Avenue<br>P.O. Box 1329<br>Redwood City, CA  94063 |
| Daniel Gordon (GoFundMe, Inc.)<br>855 Jefferson Avenue<br>P.O. Box 1329<br>Redwood City, CA  94063 |

**INTERROGATORY NO. 2:**  Identify each person who has knowledge of any of the allegations contained in the Amended Complaint, the answer thereto, and the Counterclaim, including the claims asserted and any damages sought, and for each such person, summarize the information You believe such person possesses.

**ANSWER:**  Notwithstanding the previously-filed objections, and subject thereto, Plaintiff answers as follows:

EXHIBIT C

| WITNESS NAME | KNOWLEDGE |
|---|---|
| **Rachelle Soto (a/k/a Addison Cain)**<br>C/O Craig C. Reilly<br>111 Oronoco Street<br>Alexandria, VA  22314<br>(703) 549.5354 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Corporate Representative for Quill Ink Books**<br>C/O John M. Bredehoft<br>150 W. Main Street, Suite 2100<br>Norfolk, VA  23510<br>(757) 624.3225 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Zoey Ellis**<br>C/O John M. Bredehoft<br>150 W. Main Street, Suite 2100<br>Norfolk, VA  23510<br>(757) 624.3225 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Corporate Representative for ABCD Graphics and Design, Inc. (d/b/a Blushing Books)**<br>977 Seminole Trail, #233<br>Charlottesville, VA  22901 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Anne Wills (a/k/a Bethany Burke) (Blushing Books)**<br>977 Seminole Trail, #233<br>Charlottesville, VA  22901 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Allison Travis (a/k/a Allison West) (Blushing Books)**<br>977 Seminole Trail, #233<br>Charlottesville, VA  22901 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |

EXHIBIT C

| | |
|---|---|
| **Tabitha Black (Blushing Books)**<br>977 Seminole Trail, #233<br>Charlottesville, VA 22901 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. Black is the Editor-in-Chief of Blushing Books and is a writer in the Omegaverse genre. |
| **Kristina Busse, Ph.D.** – Expert<br>C/O John M. Bredehoft<br>150 W. Main Street, Suite 2100<br>Norfolk, VA 23510<br>(757) 624.3225 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Payne Harrison** – Expert<br>C/O John M. Bredehoft<br>150 W. Main Street, Suite 2100<br>Norfolk, VA 23510<br>(757) 624.3225 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Steven Thrasher, MBA, JD** – Expert<br>1350 North Greenville<br>Richardson, TX 75081 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Corporate Representative of Draft2Digital, LLC**<br>9400 N. Broadway, Suite 410<br>Oklahoma City, OK 73114<br>(866) 336.5099 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Tara Robinett (Draft2Digital, LLC)**<br>9400 N. Broadway, Suite 410<br>Oklahoma City, OK 73114<br>(866) 358.6413 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |

EXHIBIT C

| | |
|---|---|
| **Corporate Representative of Amazon**<br>Amazon.com, Inc. Customer Service<br>P.O. Box 81226<br>Seattle, WA  98108-1226<br>(888) 280.3321 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Corporate Representative of Apple/iTunes**<br>One Apple Park Way<br>Cupertino, CA  95014 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Corporate Representative of iBooks**<br>One Apple Park Way<br>Cupertino, CA  95014 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Micah Bonte-Gelok (Rakuten Kobo, Inc.)**<br>micah.bontegelok@rakuten.com | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices.  Also has knowledge about issues experienced by Quill because DMCAs have not been withdrawn. |
| **Stephanie McGraffty (Kobo)**<br>support@kobowritinglife-zendesk.com<br>writinglife@kobo.com | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Barry (iTunes and iBooks Store Notices)**<br>ibooks.store.notices@apple.com | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |

EXHIBIT C

| | |
|---|---|
| **Kevin B. (Amazon)**<br>copyright@amazon.com | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Anne Tarpey (Amazon)**<br>copyright@amazon.com | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Rob Solomon (GoFundMe, Inc.)**<br>855 Jefferson Avenue<br>P.O. Box 1329<br>Redwood City, CA  94063 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Daniel Gordon (GoFundMe, Inc.)**<br>855 Jefferson Avenue<br>P.O. Box 1329<br>Redwood City, CA  94063 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Sarah McCurry**<br>Winslow & McCurry, PLLC<br>1324 Sycamore Square 202C<br>Midlothian, VA  23113<br>(804) 423.1382 | Knowledge about the facts related to the DMCA take-down notices and harassment of Quill's counsel. |
| **Shawn Dellegar**<br>Crowe & Dunlevy<br>500 Kennedy Building<br>321 South Boston Avenue<br>Tulsa, OK  74103<br>(918) 592.8807 | The misrepresentations made by and on behalf of Rachelle Soto a/k/a Addison Cain to the U.S. District Court for the Western District of Oklahoma in order to obtain a dismissal relating to Cain's involvement with the filing of false DMCAs and pressure asserted against vendors to remove Quill's publications. |

EXHIBIT C

| | |
|---|---|
| **Tynia Watson**<br>Crowe & Dunlevy<br>324 North Robinson Avenue Suite 100<br>Oklahoma City, OK  73102<br>(405) 239.6615 | Rachelle Soto a/k/a Addison Cain defamatory statements against Quill and Watson's participation in such activities, including harassment and intimidation of Quill Ink Books representatives, at a recent conference in Houston, Texas, and defamatory statements made to the conference organizers. Knowledge of commentaries made on Twitter and to authors regarding "counsel's conduct" and representations online about "misconduct alleged by Cain." |
| **Gideon Lincecum**<br>Holladay & Chilton<br>204 North Robinson, Suite 1550<br>Oklahoma City, OK 73102<br>(405) 236.2343 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Jennifer Bene**<br>8700 Stonebrook Parkway, #777<br>Frisco, TX  75034 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices; facts related to GoFundMe page.  Knowledge of a blog post she authored in which she claims knowledge about Cain and the alleged harassment and plagiarism. |
| **Golden Angel (a/k/a Jennifer Rast)**<br>P.O. Box 2075<br>Montgomery Village, MD  20886 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices.  Knowledge of a blog post extensively quoted by Cain, in which Ms. Rast shares information given to her by Cain, including screenshots of conversations and documents. |

9

EXHIBIT C

| | |
|---|---|
| **Myra Danvers (a/k/a Amanda Ludlow) (a/k/a MD Pentacles)**<br>29 Hoodless Court<br>Brantford, ON  N3T0A8<br>Canada<br>(519) 771.5642 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices.  Knowledge regarding posts online about Plaintiff's behavior and supported Cain's accusations of plagiarism. Has commented multiple times on Cain's posts and has shared extensively on Twitter and Facebook her views on the plagiarism. |
| **Suzan Tisdale**<br>114 South Roosevelt Street<br>North Pekin, IL  61554 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Alta Hensley (a/k/a Staci Taylor)**<br>2919 Aspen Meadows Court<br>Reno, NV  89519 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto.  Knowledge about shared post on Facebook in which she alleged knowledge of the situation. |
| **Zoe Blake (a/k/a Jennifer Lynn Monti)**<br>2301 Valleywood Drive, G8<br>Grand Rapids, MI  49546<br>(312) 863.1532 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto.  Knowledge about shared post on Facebook in which she alleged knowledge of the situation. |
| **Maggie Ryan (a/k/a/ Mary Margaret Minton)**<br>11218 Endicott Lane<br>Houston, TX  77035<br>(281) 948.8823; (281) 948.7639 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Courtney McDaniel, PA**<br>2040 Rural-Hall Germanton Road<br>Rural Hall, NC  27045 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto.  Knowledge of multiple posts made by her online against Zoey Ellis' books. |

EXHIBIT C

| | |
|---|---|
| **Clara Brotheron**<br>60 Pleasant Street, Apt. 4<br>Waterville, ME  04901 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; knowledge regarding harassment. Knowledge of a blog post she authored in support of Cain and multiple Facebook posts alleging knowledge of the situation. |
| **Mia Knight** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Sara Fields** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Ivanna B. Kinkee (Tentacle Press)** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Emily Alice (Assistant to Mia Knight)** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Gwen DeJongh** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Loki Renard**<br>212 Howsons Road<br>Cust 7475<br>Rangiora, New Zealand | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices; made multiple posts regarding such knowledge. |

EXHIBIT C

| | |
|---|---|
| **Milana Jacks**<br>2222 N Indian Canyon, Drive Unit B<br>Palm Springs, CA  92262<br>(760) 673.7236 | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Livia Grant** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Elle Cross** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Nikki Rose** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Nikita Slater** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Nanette Puscizna** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Anna Zaires** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |

EXHIBIT C

| | |
|---|---|
| **LK Shaw** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Pepper North** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Tiffany Roberts** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Laylah Roberts** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **BB Blaque** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Felicity Brandon** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |

EXHIBIT C

| | |
|---|---|
| **Measha Stone** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Merel Pierce** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto; facts related to the DMCA take-down notices. |
| **Bex (Beckie Bookworm)**<br>https://www.beckiebookworm.com<br>UK citizen | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Bre Hood (a/k/a Bre Szipszky) (a/k/a/ Breanne P. Hood)**<br>https://www.bresbookblog.com<br>Anchorage, Alaska | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Galateea**<br>http://galateea.tumblr.com | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Louise H**<br>https://louisesbookbuzz.home.blog<br>UK citizen | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Namera**<br>https://theliteraryinvertebrate.wordpress.com<br>UK citizen | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |

EXHIBIT C

| | |
|---|---|
| **Kimberly Cain Mead** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Aoibheam Mew** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Paula Malin** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Noelle Hart** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Jessica Winters Scnifferle** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Diane Dykas** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Saira Khan** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |

15

EXHIBIT C

| | |
|---|---|
| **Marquitta Warren** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Mercedes Kirpatrick Hollow** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Tricia Coker** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Jan Josyln** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Mady Rivers** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Red Rayder** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |
| **Elle Magnussen** | Knowledge about the claims, issues and defenses in Plaintiff's Amended Complaint, Defendant's Answer, and Defendant's Counterclaim and Plaintiff's responses thereto. |

**INTERROGATORY NO. 3:** Describe in detail the formation, ownership, and operation of Quill, including the ownership structure, the identities of all persons having an ownership

16

EXHIBIT C

interest, the percentage of each person's ownership, and the identity of all officers, employees, and shareholders of Quill (including specifying when they had those relationships).

**ANSWER:**   The information responsive to this request is fully set forth in the organizational documents Quill filed with the Companies House (https://beta.companieshouse.gov.uk/company/10252366), which are being provided pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 4:**   Identify each work published and sold by Quill since its formation until present, including the title, the date each was published, where each has been published (e.g., print or online vendors), the number of copies sold, the sales revenues, the identities of the vendors, the pseudonym of the author (if any), and the actual name and address of the author.

**ANSWER:**   The information responsive to this request is contained in business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 5:**   Identify the name and address of the author known as "Zoey Ellis," as well as any other pseudonym used by that author, and describe her relationship with Quill (e.g., shareholder, officer, agent, etc.).

**ANSWER:**   Quill states that Zoey Ellis is a pseudonym used by its principal author.  The identity of Zoey Ellis, her address, other pseudonyms used, and her relationship with Quill will not be disclosed as such information is irrelevant to the Defendant's claims, as previously held by the Court in its second motion to dismiss ruling.

**INTERROGATORY NO. 6:**   Identify all communications You have had regarding the allegations made in this Lawsuit by either side, and in doing so, identify the parties who participated in each communication, the date of the communication (regardless of whether before

17

EXHIBIT C

or after the Lawsuit was filed), the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication).

**ANSWER:** Quill is not aware of any communications "regarding the allegations made in this Lawsuit" that it has had with anyone outside of attorney-client communications.

**INTERROGATORY NO. 7:** Identify the person(s) who provided the opinions and information alleged in paragraphs 16, 19-32, 55, and 67 of Your Amended Complaint.

**ANSWER:** Subject to the previously-filed objections, Quill answers as follows:

Kristina Busse, Ph.D.
c/o John M. Bredehoft
150 W. Main Street, Suite 2100
Norfolk, VA  23510
(757) 624.3225

**INTERROGATORY NO. 8:** Identify each communication You have had with an actual or potential vendor, including but not limited to those identified in paragraph 38 of the Amended Complaint, regarding the Myth of Omega series from pre-publication to present, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**ANSWER:** Subject to the previously-filed objections, the information responsive to this request is contained in confidential business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d).  By way of further answer, Quill recalls communications with its cover artist and voice talent regarding their inability to continue doing work for Quill because of comments made and/or association with Defendant.

**INTERROGATORY NO. 9:** Identify each communication You have had with any vendor regarding a Take-Down Notice or a Counter-Notice regarding the Myth of Omega series,

EXHIBIT C

including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**ANSWER:**  Subject to the previously-filed objections, the information responsive to this request is contained in confidential business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d).  Plaintiff cannot specifically recall any non-privileged, verbal communications that may be responsive to this request, but will promptly supplement its response in the event such communications are identified.

**INTERROGATORY NO. 10:**  Identify each communication You have had with Zoey Ellis regarding the Myth of Omega series, the Alpha's Claim series, the Take-down Notices, and Counter-Notices, including the identities of the persons participating in the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**ANSWER:**  Quill will not produce communications or documents which are protected by the attorney-client privilege or the work product doctrine.  There are no such responsive communications between Quill and Zoey Ellis.

**INTERROGATORY NO. 11:**  Identify each communication You have had with "readers" as alleged in paragraph 56 of the Amended Complaint, including the identity of each "reader," the identities of the persons participating the communication, the date of the communication, the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

EXHIBIT C

**ANSWER:** The information responsive to this request is contained in confidential business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 12:** Identify each item of lost sales revenue that You contend resulted from the Take-Down Notices as alleged in paragraph 76 of the Amended Complaint, including the number of sales, the identity of the vendor(s), the sales method (e.g., print or online), and the lost revenue from each vendor.

**ANSWER:** Subject to the previously-filed objections, the information responsive to this request is contained in confidential business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d) and is more fully set forth in documents prepared by Plaintiff's damages expert.

**INTERROGATORY NO. 13:** Identify the "business partners" and/or "vendors" who "have informed Quill that the vendor refuses to do work with Quill to sell Quill's challenged books" as alleged in paragraph 75 of the Amended Complaint, and state when and how those refusals occurred, the books affected, and quantify the lost sales and revenues you contend occurred as a result of each such refusal.

**ANSWER:** The information responsive to this request is confidential contained in confidential business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d). By way of further answer, Quill recalls communications with its cover artist and voice talent regarding their inability to continue doing work for Quill because of comments made and/or association with Defendant.

**INTERROGATORY NO. 14:** Identify each communication with all "business partners" and "vendors," including those identified in Your response to Interrogatory No. 13,

20

EXHIBIT C

including the identification of the persons participating in the communication, the date of the communication, and the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication.

**ANSWER:**  Subject to the previously-filed objections, the information responsive to this request is contained in business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d).  However, by way of further answer, Quill recalls communications with its cover artist and voice talent regarding their inability to continue doing work for Quill because of comments made and/or association with Defendant.

**INTERROGATORY NO. 15:**  Identify all forums, both private and public, in which You contend that Quill or Zoey Ellis, or both, has been subjected to "online harassment and defamation" as alleged in paragraph 77 of the Amended Complaint, and describe each alleged incident, including the date, the content of the harassing or defamatory statement, and the identification of the speaker.

**ANSWER:**  Subject to the previously-filed objections, the information responsive to this request is contained in business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d).  By way of further answer, Defendant's defamatory statements have been published, re-published, and/or referenced on the Internet, in online book reviews, blogs, and other reader forums operated by Defendant and her various followers.

**INTERROGATORY NO. 16:**  Identify Your communications with any other person regarding the information posted on Zoey Ellis' website, blog, and Facebook page(s), and state whether You have posted or assisted with drafting some or all of the information posted on those sites, and if so, what You posted and when.

**ANSWER:**  There are no such communications.

21

EXHIBIT C

**INTERROGATORY NO. 17:**   Describe the damages You have claimed in the Amended Complaint, including the following information:

    a)  the total amount of damages;

    b)  a detailed itemization of the amounts You seek to recover from Cain;

    c)  the date each item of damages was incurred;

    d)  other persons with knowledge of the damages (e.g., a vendor or business partner);

    e)  the reasons You contend that Cain caused each item of damages;

    f)  a detailed explanation of the method and calculations used to arrive at the amount of damages you seek to recover from Cain; and

    g)  the identity of all documents relating to such item or calculation.

**ANSWER:**   Subject to the previously-filed objections, Plaintiff computes its damages based solely upon information available to it at the present time as follows:

    a)  the total amount of damages;

        1.  Damages for lost earnings estimated at $135,000.00 based upon expected pre-orders, sales, and future potential sales at approximately $15,000.00 per book for each book in Plaintiff's Zoey Ellis brand of books, or such other amount as evidence shall demonstrate;

        2.  Reputational harm damages to Plaintiff's brand(s) and lost earning capacity believed to be in excess of $250,000.00, or such other amount as evidence shall demonstrate;

        3.  Plaintiff's damages for Plaintiff's lost business or economic opportunities believed to be in excess of $250,000.00, or such other amount as evidence shall demonstrate;

EXHIBIT C

4. Plaintiff's damages due to interruption of and increased expense of publishing and creative costs, including, but not limited to, lost business partnerships, said amount believed to be in excess of $100,000.00, or such other amount as evidence shall demonstrate; and

5. Attorney's fees and costs incurred by Plaintiff as a result of Defendant's unlawful actions, plus such other and further fees and costs incurred, and other remedies in amount(s) to be determined.

b) a detailed itemization of the amounts You seek to recover from Cain;

1. See response to part "a" above.

c) the date each item of damages was incurred;

1. Said date would be from and following the publication of the false statements to various vendors and business partners. Specifically, the false DMCA notices reflect the date of transmittal or filing and will be produced.

d) other persons with knowledge of the damages (e.g., a vendor or business partner);

1. Plaintiff has identified persons with knowledge of its damages in its initial disclosures and above.

e) the reasons You contend that Cain caused each item of damages;

1. The reasons are more fully set forth in Plaintiff's amended complaint and in communications Defendant sent to her publisher, in effect, stating her objective was to prevent anything written by Zoey Ellis from being published.

2. Due to Defendant's intentional and premeditated false representations made to federal court in Oklahoma about her relationship to the proceedings, the Defendant was dismissed from the lawsuit on the basis of a lack of personal

EXHIBIT C

jurisdiction.  Consequently, Plaintiff was forced to depose Cain as a third party witness in Virginia, and file suit against her in the United States District Court for the Eastern District of Virginia.  Accordingly, the expenses of the action brought in Virginia constitute an element of Plaintiff's damages, as they are a direct result of the Defendant's filing of the false DMCA take-down notices.

f) a detailed explanation of the method and calculations used to arrive at the amount of damages you seek to recover from Cain; and

   1. The answer to this sub-part is more fully set forth by Plaintiff's damages expert in documents produced and/or being produced.

g) the identity of all documents relating to such item or calculation.

   1. The answer to this sub-part is more fully set forth by Plaintiff's damages expert in documents produced and/or being produced.

**INTERROGATORY NO. 18:**  Identify each communication You have had with Blushing Books concerning the Myth of Omega series, the Alpha's Claim series, the Lawsuit, the Oklahoma Lawsuit, or the settlement of the Oklahoma Lawsuit including the identities of the persons participating in the communication, the date of the communication, and the method of the communication (e.g., written correspondence, telephone, e-mail, in person, etc.), and a description of the substance of the communication).

**ANSWER:**  Subject to the previously-filed objections, the information responsive to this request is contained in business records maintained by Quill, which are being provided pursuant to Fed. R. Civ. P. 33(d).  However, the federal court entered an order regarding the confidentiality of the communications orally, on the record, and further actions will be required

EXHIBIT C

to avoid violating that order, which may require additional proceedings to re-open the case in Oklahoma to obtain permission to produce responsive information.  Furthermore, the only settlement communications of which Quill is aware are all covered by the aforementioned federal court's order.

**INTERROGATORY NO. 19:**  State the bases of Your contention that you are not liable for the claims and injuries alleged in the Counterclaim.

**ANSWER:**  Subject to the previously-filed objections, Quill has asserted the following affirmative defenses, while reserving the ability to assert any additional affirmative defenses as may be appropriate:

1.      Cain's counterclaim fails to state a claim against Quill upon which relief can be granted.

2.      Cain's counterclaim is barred, in whole or in part, by the statute of limitations.

3.      Cain's counterclaim may be barred, in whole or in part, by the doctrines of waiver, bad faith, estoppel, consent, and laches.

4.      Cain's damages, if any, were occasioned by her own fraud with respect to her knowing and intentional conduct in directing the filing of false DMCA take-down notices against Quill's publications.

5.      Cain's damages, if any, were occasioned by the illegality of her actions in conspiring with Blushing Books and others to file false DMCA take-down notices against Quill's publications.

6.      Cain has not suffered any damage or harm associated with any of the conduct asserted herein.

7.      Cain's damages, if any, have been caused by the acts or omissions of third parties

EXHIBIT C

over which Quill has no control.

8.       Cain's claims are barred, in whole or in part, under the doctrine of unclean hands.

9.       No act, breach, or omission of Quill either proximately caused or contributed to Cain's damages, if any, that were allegedly sustained by Cain.

10.      Any communication by Quill regarding the filing of false DMCA take-down notices by Cain and Blushing Books was privileged and justified.

11.      Cain's unsubstantiated damage claim is barred because of her own failure to mitigate any such losses occasioned by her own conduct.

By way of further answer, Plaintiff is not responsible for anything with respect to Defendant caused by Defendant's defamatory remarks against Plaintiff and/or the false DMCAs Defendant and her publisher filed against Plaintiff's publications.  Furthermore, the allegations presented in Cain's counterclaims, which Quill has unequivocally denied, are false.

**INTERROGATORY NO. 20:**  State the bases of Your contention that Your affirmative defenses reduce or eliminate Your liability to Cain under the Counterclaim.

**ANSWER:**    Subject to the previously-filed objections, Quill has denied Cain's allegations as such are false, fabricated, and frivolously made merely to conceal and distract from Defendant's own wrongdoing.

**INTERROGATORY NO. 21:**   Identify Your relationship with the Omegaverse Litigation Website (e.g., creator, poster, operator, etc.), whether You have posted some or all of information on that site, and if so, what You posted and when.

**ANSWER:**   Subject to the previously-filed objections, Quill admits it created and maintains the Omegaverse Litigation Website containing information and resources regarding DMCA abuse and featuring pertinent information concerning the Oklahoma litigation in which

EXHIBIT C

Judgment was entered on September 9, 2019, against Cain's publisher, ABCD Graphics and Design, Inc., D/B/A Blushing Books Publishing ("Blushing Books") based upon Blushing Books' admission that "Zoey Ellis's Myth of Omega series does not plagiarize Addison Cain's Alpha's Claim series, and the take-down notices transmitted pursuant to the Digital Millennium Copyright Act are invalid."

**INTERROGATORY NO. 22:**  Identify all communications You have had with any other person regarding the creation or maintenance of the Omegaverse Litigation Website, the website located at https://fanlore.org/wiki/Omegaverse_Litigation, Zoey Ellis' website, Zoey Ellis' Amazon account, and Zoey Ellis' social media sites, including her Facebook page, blog, twitter page, and Instagram, including the Identity of each other person, a description of each person's involvement with those sites (e.g., creator, manager, editor, poster, etc.), and when You and each other person was involved.

**ANSWER:**  Subject to the previously-filed objections, Quill states that with respect to the Omegaverse Litigation Website, Quill is not aware of any such communications outside of attorney-client privileged communications.  By way of further answer, Quill states that the Omegaverse Litigation Website was released after the amended complaint in the Oklahoma Lawsuit was filed to correct Cain's false claims of plagiarism directed against Quill's publications and to help other authors that have been targeted with the filing of false DMCA notices.  Nothing was disclosed on the Omegaverse Litigation Website that was not already in the public domain.  For instance, Cain's "followers" have made false and defamatory statements against Quill online regarding the alleged "doxxing" of Addison Cain despite the fact Rachelle Soto repeatedly and specifically disclosed her identity in numerous public filings and conducted interviews, and appeared at book signings at various events before the Oklahoma litigation was

EXHIBIT C

ever filed.  In contrast, Zoey Ellis has never publicly disclosed her identity.  Also, to correct false

claims made online by Cain's "friends," the principal objective of the motion for protective order

filed in Oklahoma with respect to both pseudonyms, ***which was denied by the federal judge in***

***Oklahoma***, was solely intended to protect Zoey Ellis' identity from being disclosed, not Addison

Cain's who had already publicly disclosed her identity.

With respect to the "fanlore" website, Quill does not have any such documents.  With

respect to any of the other sites, Quill has not engaged in any communications with anyone

regarding the creation or maintenance of those resources.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**    All documents referenced, reviewed,

identified, described, or relied upon in Your answers to the foregoing Interrogatories.

**RESPONSE:**    Subject to the previously-filed objections and to the extent such

documents exist, the documents will be produced.

**REQUEST FOR PRODUCTION NO. 2:**    All documents and communications

(whether in hard copy or electronic form) between You and any person (including without

limitation, your agents, representatives, or employees, third parties, Blushing Books, and Cain)

relating to the claims, counterclaims, defenses, or damages involved in this Lawsuit or the events

giving rise thereto.

**RESPONSE:**    Subject to the previously-filed objections, and to the extent such other

responsive, non-privileged documents exist, they will be produced.  Provided, however, Quill's

disclosure of any communications with Blushing Books must be reconciled with any

confidentiality order entered by the federal court in Oklahoma, which covers only settlement

communications.

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 3:**  All documents and communications relating to or reflecting communications of any kind between Quill and Blushing Books, or Quill and Cain, or Quill and the author known as Zoey Ellis.

**RESPONSE:**  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.  Provided, however, Quill's disclosure of any communications with Blushing Books must be reconciled with any confidentiality order entered by the federal court in Oklahoma, which covers only settlement communications.  By way of further answer, there are no such documents or communications between Quill and Zoey Ellis.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Quill regarding the Myth of Omega series or any other book authored by her (regardless of the pseudonym she may have used).

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, there are no such documents or communications between Quill and Zoey Ellis.

**REQUEST FOR PRODUCTION NO. 5:**  All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Cain or between the author known as Zoey Ellis and Blushing Books.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.

EXHIBIT C

**REQUEST FOR PRODUCTION NO. 6:**  All documents and communications relating to or reflecting communications of any kind between Quill and Blushing Books regarding the Oklahoma Lawsuit, including regarding their settlement of that litigation.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.  Provided, however, Quill's disclosure of any communications with Blushing Books must be reconciled with any confidentiality order entered by the federal court in Oklahoma, which covers only settlement communications.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications relating to or reflecting communications of any kind between the author known as Zoey Ellis and Blushing Books.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.  Quill also notes that this request is duplicative of Document Request No. 5.

**REQUEST FOR PRODUCTION NO. 8:**  All documents relating to or reflecting (a) any agreements between Quill and any other person regarding the publishing of works for such person, or (b) any communications concerning or relating to inquiries or requests that Quill publish a work for any other person.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be

EXHIBIT C

produced.   Provided, however, Quill is currently unaware of the existence of any such documents.

**REQUEST FOR PRODUCTION NO. 9:**   All documents relating to or reflecting communications of any kind between Quill and any other person relating to Cain, Blushing Books, the Myth of Omega series, the Alpha's Claim series, the Take-Down Notices, or the Counter-Notices.

**RESPONSE:**   Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 10:**   All documents relating to or reflecting communications of any kind between Quill and any other person relating to the author known as Zoey Ellis.

**RESPONSE:**   Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.  As to all other non-privileged communications between Quill and any other person relating to Zoey Ellis relating to any claim or defense, including the Defendant's counterclaim, they are being produced in response to other document requests contained herein.

**REQUEST FOR PRODUCTION NO. 11:**   All documents relating to or reflecting communications of any kind between Quill and any other person relating to the Alpha's Claim series.

**RESPONSE:**   Quill will not disclose documents or communications that are attorney-

31

EXHIBIT C

client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 12:**   All documents relating to or reflecting communications of any kind between Quill and any other person relating to the Myth of Omega series.

**RESPONSE:**   Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.  Quill also notes that this request is duplicative of Document Request No. 9.

**REQUEST FOR PRODUCTION NO. 13:**   All documents relating to or reflecting the allegations made in paragraphs 16, 19-32, 55 and 6 of the Amended Complaint.

**RESPONSE:**   Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 14:**   All documents related to the formation, ownership, and operation of Quill.

**RESPONSE:**   Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 15:**   All documents obtained pursuant to any

32

EXHIBIT C

subpoena duces tecum or other request issued by You or Your attorney(s) directed to any third party or person for the production of documents and things in this Lawsuit.

**RESPONSE:**   Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.  Provided, however, no such documents currently exist.

**REQUEST FOR PRODUCTION NO. 16:**  Produce all documents obtained pursuant to any subpoena duces tecum or other request issued by You or Your attorney(s) directed to any third party or person for the production of documents and things in the Oklahoma Lawsuit.

**RESPONSE:**   Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 17:**   All documents that refer or relate to the settlement of the Oklahoma Lawsuit by Quill and Blushing, including all communications and any written settlement agreement.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.  Provided, however, Quill's disclosure of any communications with Blushing Books must be reconciled with any confidentiality order entered by the federal court in Oklahoma, which covers only settlement communications.

**REQUEST FOR PRODUCTION NO. 18:**   All documents related to the allegations made in the Counterclaim.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed

EXHIBIT C

objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.  Provided, however, Quill has no way of discerning what documents Defendant is seeking.

**REQUEST FOR PRODUCTION NO. 19:**  All documents related to the creation, update, postings, and maintenance of the Omegaverse Litigation Website.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 20:**  All documents related to Zoey Ellis' social media and blog posts regarding Cain, Blushing Books, Quill, the Lawsuit, the Oklahoma Lawsuit, the Myth of Omega series, the Alpha's Claim series, or the Omegaverse, including all documents related to the creation, update, posting, and maintenance of those social media sites and blogs.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Quill is aware of only one relevant blog post on Zoey Ellis' social media, which will be produced.  Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 21:**  All documents evidencing or relating to the damages you seek to recover in this Lawsuit.

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed

34

EXHIBIT C

objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 22:**  All documents related to the cost of publishing, the sales, the revenues, the profits, and the alleged lost sales related to the Myth of Omega series, including but not limited to, vendor records, Quill's bank records, Quill's financial statements, Quill's profit and loss statements, Quill's cash flow statements, and Quill's tax returns.

**RESPONSE:**  Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 23:**  All documents related to contracts with vendors and business partners regarding the sales or distribution of the Myth of Omega series.

**RESPONSE:**  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.

**REQUEST FOR PRODUCTION NO. 24:**  All communications between Quill and Margarita T.B. Coale or Nora Ash regarding the Myth of Omega series or the Alpha's Claim series.

**RESPONSE:**  Margarita T.B. Coale acts as corporate counsel for Quill; as such, Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent that responsive, non-privileged documents exist, they will be produced.  There are no such communications between Quill and Nora Ash.

**REQUEST FOR PRODUCTION NO. 25:**  All documents that refer or relate to the allegations in the Counterclaim or Your defenses to the Counterclaim.

EXHIBIT C

**RESPONSE:**  Quill will not disclose documents or communications that are attorney-client communications or that constitute attorney work product.  Subject to the previously-filed objections, and to the extent such other responsive, non-privileged documents exist, they will be produced.  Provided, however, Quill has no way of discerning what documents Defendant is seeking.

**REQUEST FOR PRODUCTION NO. 26:**  All documents related to the creation, update, postings and maintenance of the website located at:

https://fanlore.org/wiki/Omegaverse_Litigation.

**RESPONSE:**  There are no such documents.

February 28, 2020                                Respectfully submitted,

**QUILL INK BOOKS LIMITED**

By:   /s/ John M. Bredehoft_____
        John M. Bredehoft
        Virginia State Bar No. 33602
        KAUFMAN & CANOLES, P.C.
        150 West Main Street, Suite 2100
        Norfolk, Virginia 23510
        757-624-3000
        757-624-3225 (direct)
        888-360-9092 (facsimile)
        jmbredehoft@kaufcan.com
        *Counsel for Plaintiff*
        *Quill Ink Books Limited*

36

EXHIBIT C

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2020, a true and correct copy of the foregoing has been emailed and mailed to the following counsel of record:

Craig C. Reilly, Esq.
111 Oronoco Street
Alexandria, Virginia 22314
craig.reilly@ccreillylaw.com
*Counsel for Defendant*

Shawn M. Dellegar, Esq.
Crowe & Dunlevy, P.C.
321 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
shawn.dellegar@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

Tynia A. Watson, Esq.
Crowe & Dunlevy, P.C.
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
tynia.watson@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

/s/ John M. Bredehoft

18156788v9

EXHIBIT C

## CORPORATE VERIFICATION

I hereby verify that I am an authorized agent and officer of Quill Ink Books Limited ("Quill"), and that I have verified on behalf of Quill the answers to Defendant's First Set of Discovery Requests; that the facts and documents stated herein have been assembled on behalf of Quill or are known personally to me; and that I am informed that the facts stated herein are true.

I verify that I have read the forgoing answers to interrogatories, and that said responses are true and correct to the best of my knowledge, recollection, information and/or belief as of the date I have signed this verification. I reserve the right to supplement or amend my responses as permitted by the Rules of Court.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 28th day of February, 2020.

QUILL INK BOOKS LIMITED

By: _____

Name: Zuri Thompson

Title:   Director

18209004v1

EXHIBIT C