IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| QUILL INK BOOKS LIMITED, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-476-LO-MSN |
| | ) |
| RACHELLE SOTO a/k/a ADDISON CAIN, | ) |
| | ) |
| Defendant/Counterclaim Plaintiff. | ) |

MEMORANDUM OF LAW IN SUPPORT OF
CONSENT MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF
MADE BY KAUFMAN & CANOLES, P.C. AND ITS ATTORNEYS

Pursuant to Local Rule 83.1(G) of the Rules of the Eastern District of Virginia, and Rule 1.16(b) of the Virginia Rules of Professional Conduct, the firm of Kaufman & Canoles, P.C., and its attorneys have moved this Court for an order permitting them to withdraw as counsel for plaintiff Quill Ink Books Limited.

This is a Consent Motion. Kaufman & Canoles, P.C., has been authorized by Defendant's counsel to state that **Defendant consents** to this Motion. Kaufman & Canoles, P.C., has advised its client in writing prior to the filing of this motion, explaining the reasons for it, and requesting the consent of the client. Kaufman & Canoles, P.C. has been authorized to state that **Plaintiff consents** to this Motion.

ARGUMENT

Kaufman & Canoles, P.C. (the "Firm") respectfully requests that it be permitted to withdraw from any further representation of the plaintiff in this case, Quill Ink Books Limited ("Quill Ink"), pursuant to Rule 1.16(b) of the Virginia Rules of Professional Conduct.

Rule 1.16(b) establishes two principles governing withdrawal. First, counsel may withdraw where the withdrawal will not have a "material adverse effect on the interests of the client." Second, counsel may withdraw, even if a materially adverse effect is present, in limited other circumstances.[1] The ability to withdraw from pending litigation is cabined by Rule 1.16(c) and Local Rule 83.1(G), both of which require Court approval for any withdrawal.

The Firm believes that withdrawal may be accomplished without material adverse effect on the interests of Quill Ink. No trial date has been scheduled. The pretrial conference is still a month away, and time remains for deposition discovery. The opposing party has already been deposed in this District, albeit as a third-party in a related case against the Defendant's publisher, brought by Quill Ink in federal court in Oklahoma. There are two other firms counseling the plaintiff, although neither has entered an appearance here; one of those firms was prepared to go to trial in Oklahoma when an offer of judgment was accepted on the eve of trial. Fairly extensive documentary and written discovery has been exchanged by the parties. It may be that all Quill Ink needs is local counsel.

The Firm also notes that the disruption caused to the Court's trial calendar by the pandemic and emergency declarations make an early trial date unlikely, and the Court may consider providing Quill Ink with a time certain in which to obtain replacement counsel without doing serious violence to the Court's calendar.[2]

---

[1] In this instance, the Firm believes that Rule 1.16(b)(3) (imprudent objective), (b)(4) (failure substantially to fulfill responsibility to counsel), and (b)(5) (unreasonably difficult representation) are implicated.

[2] The Firm has advised Quill Ink to seek replacement counsel immediately. Quill Ink has apprised the Firm that it believes it needs at least thirty days to obtain replacement counsel. *See generally Certain Underwriters at Lloyds, London v. AtlantFort Co.*, No. 1:18-cv-1421-TSE-TCB (Feb. 3, 2020) (noting counsel for corporate party permitted to withdraw and allowing corporate party thirty days to obtain replacement counsel).

The Firm also believes that withdrawal is appropriate, even if material prejudice were to result, given the enumerated factors in Rule 1.16(b) permitting such withdrawal. The Firm is not in a position to articulate the underlying factual bases for its conclusion in detail, given that client communications and confidences are involved. There are material, fundamental, continuing, and irreconcilable differences between Quill Ink and its representatives, and the Firm, on the manner in which the case should be litigated. While Quill Ink may not agree with the Firm about why these differences exist, Quill Ink nevertheless has advised the Firm that "new counsel is necessary."

## CONCLUSION

The firm of Kaufman & Canoles, P.C., respectfully requests that this Court enter an order for the withdrawal of the firm, and of each of its attorneys, from the representation of Quill Ink in this case.

May 13, 2020                                     Respectfully submitted,

By: /s/ John M. Bredehoft
John M. Bredehoft
Virginia State Bar No. 33602
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
757-624-3000
757-624-3225 (direct)
888-360-9092 (facsimile)
jmbredehoft@kaufcan.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 13, 2020, I caused a true and correct copy of this Motion, Notice, Memorandum in Support, and proposed Order, to be emailed and mailed to the following counsel of record for the opposing party:

Craig C. Reilly, Esq.
111 Oronoco Street
Alexandria, Virginia 22314
craig.reilly@ccreillylaw.com
*Counsel for Defendant*

Shawn M. Dellegar, Esq.
Crowe & Dunlevy, P.C.
321 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
shawn.dellegar@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

Tynia A. Watson, Esq.
Crowe & Dunlevy, P.C.
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
tynia.watson@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

I also certify that I sent a true copy of the Motion, Notice, Memorandum in Support, and proposed Order directly to plaintiff Quill Ink Books, Ltd., via e-mail:

Ms. Zuri Thompson, Managing Director
Quill Ink Books, Ltd.
Office 7
35-37 Ludgate Hill
London EC4M 7JN England

                /s/ John M. Bredehoft

18435223v1