UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| QUILL INK BOOKS LIMITED,<br>*Plaintiff*, | )<br>)<br>)<br>) |  |
| v. | ) | No. 1:19cv476-LO-MSN |
| RACHELLE SOTO *aka* Addison Cain,<br>*Defendant*. | )<br>)<br>)<br>) |  |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Rachelle Soto a/k/a Addison Cain ("Soto"), has moved to dismiss, **with prejudice**, the sole remaining claim of Plaintiff, Quill Ink Books, Ltd. ("Quill"), which is Quill's claim under the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA") (Doc. 86 & 87). In response to Soto's motion, the Court issued an order on June 4 stating as follows:

> Upon due consideration, Plaintiff is ordered to show cause, **by counsel**, within fourteen (14) days why Plaintiff's claim should not be dismissed for the reasons set forth in Defendant's Brief in Support her motion. Dkt. 87. ***If a response is not filed within the time given, the Motion to Dismiss shall be granted.***

(Doc. 89) (emphasis added). Quill's response was due June 18. No response, "by counsel," was filed.

Instead, on June 18 a document styled as a *Notice of Liquidation Under the Insolvency (England and Wales) Act of 1986, Formal Appointment of Liquidators, Wounding-Up Proceedings, Suggestion of Mootness, and Lack of Jurisdiction* ("*Notice of Liquidation*") was submitted by Hasib Howlader, of Hudson Weir Ltd., who purports to be the duly confirmed liquidator of Quill (Doc. 93). That notice notwithstanding, this case is not moot, nor has this Court's subject matter jurisdiction been displaced. Moreover, none of the matters that the liquidator asks the Court to consider constitute good cause not to grant Soto's motion to dismiss.

1

Accordingly, the Court should grant Soto's motion and dismiss Quill's DMCA claim with prejudice under Rule 41(b).

## REPLY ARGUMENT

As Soto previously showed, any filing not signed and filed by a member of the bar of the Court, who has entered an appearance for Quill, is a nullity and should be stricken (Doc. 87 at 2-4). The *Notice of Liquidation* was submitted by the liquidator, not counsel for Quill, and it should be stricken.

Moreover, as previously shown the mere pendency of a creditors voluntary liquidation proceeding (known as a "CVL") under the United Kingdom *Insolvency Act of 1986* does not stay the case, or render the case moot, or displace this Court's jurisdiction over the case (Doc. 87 at 4-6). Thus, the Court retains full authority to enter appropriate orders in this action.

Furthermore, it is of no moment that, as of June 19, the liquidator now runs Quill instead of Quill's directors. Nor does it matter that the liquidator has made certain decisions with respect to this litigation: The liquidator has decided not to retain counsel for Quill to prosecute the DMCA claim or to defend against Soto's counterclaim—that is a voluntary, business decision, not grounds for relief under Rule 41(b). Similarly, the liquidator's decision not to file a Chapter 15 case in a United States Bankruptcy Court is a voluntary, business decision. Indeed, the liquidator's request that he "should be grateful if the Court could state that [Quill] does not have the funds for a Chapter 15" (Doc. 93, page 2) is both improper and without a factual foundation. The Court cannot make any such statement.

Finally, none of the purported "causes of [Quill's] liquidation" are grounds for avoiding Soto's motion to dismiss. Each individually, or all taken together, do not constitute good cause to avoid dismissal of the DMCA claim under Rule 41(b).

First, the liquidator's contention that Soto's purported "Tortious interference and anti-competitive campaign spanning two years" caused Quill's financial troubles do not constitute grounds for relief under Rule 41(b). Indeed, the Court has already ***twice*** dismissed Quill's "tortious interference and anti-competition claims"—the second time, **with prejudice** (Doc. 23 & 35). Citing to those baseless claims now, which have already been dismissed with prejudice, would not constitute good cause to avoid dismissal of the DMCA claim with prejudice under Rule 41(b). Furthermore, Quill lost, at most, a few hundred dollars in sales revenue due to the DMCA takedown notices, not the $735,000 in damages it claimed. In short, Soto's actions did not drive Quill out of business.

Second, Quill's unsubstantiated claims of malpractice by its Virginia counsel—that is, "Excessive fees, harmful actions, and inadequate representation"—would not constitute good cause to avoid dismissal of the DMCA claim with prejudice under Rule 41(b). The Supreme Court has emphatically ruled that a plaintiff's contention that his own lawyers were at fault is a legally insufficient basis on which to avoid Rule 41(b) dismissal:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). Further, the allegations of malpractice are wholly conclusory and without any factual support. Thus, Quill's effort to blame its lawyers is legally unavailing and factually unsupported.

Third, the "Economic pressures of COVID-19" are not grounds for avoiding dismissal under Rule 41(b). The liquidator proffers no factual support for this conclusory assertion, which

3

is reason enough not to credit it. Moreover, Quill has no employees other than Zuri Thompson, its sole owner and director, so the pandemic has not disrupted its workforce. Furthermore, Quill publishes electronic books that are downloaded as digital files, and so it has no printing operations that have been disrupted by the pandemic. And finally, downloading a Quill book costs only US$2.00, so these books are not expensive or luxury items that may have suffered from lower demand during the pandemic. Accordingly, the mere existence of the COVID-19 pandemic does not constitute good cause to avoid dismissal of the DMCA claim under Rule 41(b).

Accordingly, the Court should strike the *Notice of Liquidation* and disregard the liquidator's contentions. However, even if the Court were to consider the liquidator's submission—which it need not—the liquidator does not proffer any good cause to avoid dismissal of Quill's DMCA claim, with prejudice, under Rule 41(b).

## CONCLUSION

For the reasons argued in Soto's opening brief and this reply, the Court should grant Soto's motion and dismiss Quill's DMCA claim, with prejudice, under Rule 41(b).

June 19, 2020

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Counsel for Defendant*

*Of Counsel for Defendant:*
Shawn M. Dellegar, OBA # 20973
Crowe & Dunlevy, P.C.
321 South Boston Avenue, Sutie 500
Tulsa, Oklahoma 74103
T: (918) 592-9800
E: shawn.dellegar@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

        Tynia A. Watson, OBA # 30765
        Crowe & Dunlevy, P.C.
        324 N. Robinson Ave., Suite 100
        Oklahoma City, Oklahoma 73102
        T: (405) 235-7500
        E: tynia.watson@crowedunlevy.com
        *Counsel for Defendant (Pro Hac Vice)*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically provide notice to all counsel of record and to office@quillinkbooks.com.

        /s/ Craig C. Reilly
        Craig C. Reilly (VSB # 20942)
        111 Oronoco Street
        Alexandria, Virginia 22314
        T: (703) 549-5354
        F: (703) 549-5355
        E: craig.reilly@ccreillylaw.com
        *Counsel for Defendant*