UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| | ) | |
| QUILL INK BOOKS LIMITED, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:19cv476-LO-MSN |
| | ) | |
| RACHELLE SOTO *aka* Addison Cain, | ) | |
| *Defendant*. | ) | |
| | ) | |

**DEFENDANT'S STATUS REPORT**
**AND SECOND MOTION TO FOR AN EXTENSION OF DISCOVERY**
**AND TO MODIFY THE PRETRIAL SCHEDULE**

PURSUANT TO Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Civil

Rule 16(B) and the Court's prior extension order (Doc. 92), Defendant, Rachelle Soto a/k/a

Addison Cain ("Soto"), makes this status report and moves for a second extension of discovery to

permit her to complete certain, limited non-party discovery prior to the filing of her Rule 26(a)(3)

disclosures and the setting of the final pretrial conference.  The grounds and reasons for granting

this relief are as follows:

1.      Plaintiff and Counterclaim-Defendant, Quill Ink Books, Ltd. ("Quill"), commenced

this action in April 2019, asserting various state and federal law claim against Soto (Doc. 1).  In

threshold motions practice, the Court granted Soto's motions to dismiss all but one of Quill's

claims asserted in the complaint and Quill's amended complaint (Doc. 23 & 35).  Quill's only

remaining claim under the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA") has

now been dismissed under Rule 41(b) (Doc. 95).  Thus, the only matter remaining for adjudication

is Soto's counterclaim.

2.      In her counterclaim, Soto alleges that Quill, through Zoey Ellis, Margarita Coale, and others, utilized numerous fake online accounts to make false reports to Facebook about Soto's advertisements which caused Soto's advertisements to be removed, which tortiously interfered with the sale of Soto's books (Doc. No. 33, *Counterclaim*, ¶ 37-39; 67-71).  Soto alleges that Quill, through Zoey Ellis, Margarita Coale, and others, also made false statements about Soto's books to Amazon, which resulted in some of Soto's books being taken down and banned for sale on Amazon's site, which again tortiously interfered with the sale of Soto's books (*Id.* at ¶ 62; 67-71). These acts of interference have caused injury to Soto, including lost sales, which she estimates amount to between $75,000 and $435,000 in damages.

3.      Soto has been diligently pursuing discovery from Quill and third parties.  However, Quill's failure to respond, even after Soto's motion to compel was granted, and the withdrawal of Quill's counsel have thwarted Soto's effort to gather further evidence in support of her counterclaim.   For example, Quill did not produce Zoey Ellis' emails or social media communications, and Quill has been unable to take the deposition of Quill, Quill's owner, Zuri Thompson, or Quill's principal author, Zoey Ellis.

4.      Quill, Zuri Thompson, and Zoey Ellis are in the United Kingdom, however, and essentially out of reach for further discovery at this point.  In April, Soto served a Rule 45 subpoena on Margarita Coale (Dallas, Texas), who was allegedly involved in the interference.  In February, Soto served a Rule 45 subpoena on Ms. Lee Savino (Richmond, Virginia), who appears to have relevant information about Soto's counterclaim, including the names and false accounts used by Quill, Coale, Zoey Ellis, and possibly others, to interfere with Soto's Facebook advertisements and Amazon sales.  Both vigorously objected and Soto now seeks leave to pursue and enforce these subpoenas after the current cut-off.

5.      Furthermore, since Quill failed and refused to produce the relevant documents, Soto seeks leave to serve Rule 45 subpoenas on Facebook, Inc. (California) and Amazon.com, Inc. (Seattle, Washington) to obtain documents related to the complaints and the removal of Soto's advertisements and the removal of Soto's books.

6.      Thus far, Coale and Savino have objected to producing all documents requested and to appearing for a deposition.  Soto is still negotiating with each to obtain voluntary compliance but may need to commence miscellaneous actions against one or both to enforce compliance.

7.      Soto also is still working to obtain a production from Amazon, on whom a Rule 45 subpoena was served.

8.      Given the uncertainties attending each avenue of non-party discovery that Soto now must pursue, Soto respectfully requests that the Court allow an second thirty-day extension and that Soto submit a status report of her progress within thirty days after an extension order is entered, and the Court can then set a cut-off date or grant a further extension if warranted.  Furthermore, if necessary, Soto might apply to the Court for leave to take additional discovery.

9.      Generally, the "scope and conduct of discovery … are within the sound discretion of the district court." *Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir. 1988). Under Rule 16, the Court must enter an order that limits the time to complete discovery. FED.R.CIV.P. 16(b)(3)(A); *accord* E.D.VA.CIV.R. 16(B).  The order also may "modify the timing of disclosures" under Rule 26(a).  FED.R.CIV.P. 16(b)(3)(B)(i) & (v); *accord* E.D.VA.CIV.R. 16(B).  Once set, these dates may be modified only for "good cause."  FED.R.CIV.P. 16(b)(4); *accord* E.D.VA.CIV.R. 16(B).  Here, the Court has entered an initial order (Doc. 38) setting the timetable for discovery, which Soto seeks to modify.

10.     Soto submits that she has shown good cause to extend and modify the pretrial schedule.

WHEEFORE, Soto moves the Court to extend and modify the pretrial schedule. A proposed order is submitted herewith.

*Soto does not seek oral argument on this procedural motion.*

July 20, 2020

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Counsel for Defendant*

*Of Counsel for Defendant:*
Shawn M. Dellegar, OBA # 20973
Crowe & Dunlevy, P.C.
321 South Boston Avenue, Sutie 500
Tulsa, Oklahoma 74103
T: (918) 592-9800
E: shawn.dellegar@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

Tynia A. Watson, OBA # 30765
Crowe & Dunlevy, P.C.
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
T: (405) 235-7500
E: tynia.watson@crowedunlevy.com
*Counsel for Defendant (Pro Hac Vice)*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically provide notice to all counsel of record and to office@quillinkbooks.com.

/s/ Craig C. Reilly
Craig C. Reilly (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
T: (703) 549-5354
F: (703) 549-5355
E: craig.reilly@ccreillylaw.com
*Counsel for Defendant*