IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | ) | |
|---|---|---|
| QUILL INK BOOKS LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:19-cv-0476-LO-MSN |
| | ) | |
| RACHELLE SOTO *aka* Addison Caine, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on defendant's declaration in support of an award of fees and costs (Dkt. No. 85). Plaintiff failed to file any opposition to this request. In light of Plaintiff's failure to respond and having reviewed the record and the pleadings, it is hereby

ORDERED that plaintiff shall pay defendant $14,760 in fees and costs incurred as a result of plaintiff's repeated failure to follow court orders. This matter comes before the Court after defendant filed an emergency motion for sanctions on May 26, 2020. In this motion, defendant requested sanctions against plaintiff for noncompliance with the Court's May 1, 2020 order compelling discovery. (Dkt. No. 43). The Court granted the motion to enforce and directed defendant to submit a supplemental affidavit in support of its petition for fees incurred in preparing the motion.

In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court outlined a framework for federal courts making fee petition decisions. According to this decision "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. In the Fourth Circuit, the reasonableness of the rate and hours is determined by reference to the factors

set forth in *Barber v. Kimbrell's*, *Inc.*, 577 F.2d 216 (4th Cir. 1978). These factors can include the time and labor expended; the novelty and difficulty of the questions raised; the skill required to perform the services rendered; the attorney's opportunity cost in pursuing the litigation; the customary fee for similar work, the attorney's expectations at the outset of litigation; the amount in controversy and result obtained; the experience, reputation, and ability of the attorney; the undesirability of the case; the nature and length of the professional relationship between attorney and client; and fees awards in similar cases. *Id*. Here, the most relevant factors are the time and labor expended, the novelty and difficulty of the questions raised, as well as the customary fee for similar work.

In terms of the customary fee for similar work, the rates applicable would be guided by the *Vienna Metro* matrix. Defense counsel, with nearly four decades of experience, would fall into the range of $505 - $820 specified under the matrix. 786 F. Supp. 2d 1090 (E.D. Va. 2011). Counsel has asked for a rate of $400, below the range contemplated by the *Vienna Metro* matrix.

Defense counsel expended 36.9 hours in support of this motion. The novelty and difficulty of the questions raised by the briefing does appear to have increased the time expended. In particular, defense counsel spent 13.5 hours responding to the notice of insolvency submitted by Quill, which implicated foreign law likely unfamiliar to defense counsel. The motion also dealt with issues of possession, custody, or control, spoliation, and sanctions. Accordingly, this work was reasonably necessary to address the issues involved. Therefore, defendant is entitled to the entirety of the $14,760 requested for her counsel's 36.9 hours of work incurred in support of the motion to enforce. The $14,760 owed to defendant shall be payable immediately.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

July 23, 2020
Alexandria, Virginia